## Simon Bryer *vs.* Gershom B. Weston & *als.*

To show that several persons carry on business as partners, it is sufficient to prove that they have severally admitted the fact, or have held themselves out as such; and this may be proved by parol evidence, although it appear on the trial, that there was a written agreement, and no notice to produce it was proved.

Where parol evidence had been introduced to prove an agency by the acts of the principals and agent, and the party adducing it then offered a copy of a written authority, which was objected to by the other party, and it was withdrawn and not given in evidence; this furnishes no sufficient cause for excluding the parol evidence.

Exceptions from the Court of Common Pleas, Perham J. presiding.

Assumpsit against *Weston, Hobart, Mayo, Bolles* and *Smyth,* described as trustees of " *The Bangor & Lower Stillwater Mill Company,*" on an instrument alleged to have been signed by them by *S. Peabody,* their agent, in the following terms.

"*Orono, March* 11, 1836. *Mr. S. Peabody,* Agent of the *Bangor & L. Stillwater Mill Co.* Sir, Please to pay the bearer *Simon Bryer,* ninety-two dollars and thirty-five cents, and charge the same to us, it being for value rec'd. $92,35. *Durgin & Bryer.*"

On the back thereof was written, " *Orono, March* 11, 1836. Accepted to be paid, *April* 1, 1836. *S. Peabody, Agent.*"

The facts in the case, found in the exceptions, which were made by the defendants, appear in the opinion of the Court.

The arguments were in writing, by *Washburn,* for the defendants, and by *Wilson,* for the plaintiff.

*For the defendants,* it was argued, that parol testimony was inadmissible to prove the liability of the defendants, without showing

notice to them to produce the original articles by which they were, if at all, constituted trustees of the company for whose debt they were sued. *Thayer* v. *Middlesex M. F. Ins. Co.,* 10 *Pick.* 326. The parol testimony admitted to prove the agency of *Peabody,* when the plaintiff had shown his authority, if any, to be in writing, was improperly admitted. 10 *Pick.* 326, before cited; *Thornton* v. *Moody,* 2 *Fairf.* 255; *Sug. Vend.* 262; 2 *Stark. Ev.* 55.

*For the plaintiff,* it was contended, that the description of the defendants as trustees was mere surplusage and immaterial, and that the defendants were proceeded against as partners. *Clapp* v. *Day,* 2 *Greenl.* 305. The evidence was properly admitted.

The opinion of the Court was by

Weston C. J. — It does not appear, that the *Bangor & Lower Stillwater Mill Company,* is a corporation established by law. It must be taken then to be a voluntary association, transacting business under that name. The order upon which the action is brought, is addressed to *S. Peabody,* Agent of the company. It is objected, that parol testimony, that each of the defendants admitted himself to be a trustee of the company, is inadmissible, upon the ground that a deed exists, by which they were so *constituted.* To show however that persons carry on business as partners, or as jointly associated, it is sufficient to prove, that they have admitted the fact, or have held themselves out as such. Even where they are plaintiffs, parol proof is sufficient, that they have actually carried on business in partnership, and it is not necessary to produce any deed, or other agreement, by which such partnership may have been constituted. 3 *Stark.* 1067. And where they are sued as partners, less evidence is usually sufficient to charge them. The partnership may be proved by their habit and course of dealing, by their conduct and declarations. *Ibid.* 1070. In *Alderson* v. *Clay,* 1 *Stark. Cases,* 405, this was held sufficient, although the partnership there was proved to have been created by deed, and it did not appear that any notice had been given to produce it. And we are satisfied, that the evidence received in this case, upon this point, was legally admissible.

As to the agency of *Peabody,* it was not necessary that it should be proved by deed. It appears, that after he had introduced parol

evidence of such agency, the counsel for the plaintiff offered to produce a copy from the registry, by which it would appear, that *Peabody* was appointed their agent in writing. This testimony being objected to by the defendants, was waived by the plaintiff. This being the posture of the case, there is no evidence whatever of the mode of appointment. It appeared, that *Peabody* had acted for some time, both before and after the acceptance, as the agent of the company, and that orders drawn by him as such, had been accepted and paid by their treasurer. The general agency of *Peabody* was well known and acknowledged. The objection is not one of a character to be favored ; and if the defendants would insist upon the strict proof, for which they contend, it should have been made to appear, by affirmative evidence *in the case*, that their agent was appointed in writing.

*Exceptions overruled.*