RICHARD ROBINS *vs.* DAVID A. WARDE & others.

Entries in the books of a partnership are not evidence against any one to show that he is a member of the partnership.

MORTON, J. This is an action against David A. Warde and others, alleged to be partners under the name of the New England Express Company. Warde denied that he was a partner, and this was the principal issue in the case.

The plaintiff was permitted, against the objection of the defendant Warde, to put in evidence the cash book of the partnership, in which was an entry charging Warde, Humphrey & Company, in which firm Warde was a partner, with a certain portion of the capital stock, and crediting them with the services of Warde as a trustee. There was no evidence that Warde had any

knowledge of this entry. We are of opinion that this evidence was improperly admitted. The purpose of the evidence was to show that Warde was a partner. It had no bearing upon any other issue in the case.

After a partnership is proved to exist, the acts and declarations of each partner, within the scope of the partnership business, are admissible against the others. By the association each is constituted the agent of all, and the act of each is the act of all. But the act or declaration of an alleged partner is not admissible against the others to prove the partnership. The rule is the same as in other cases of agency. The agency must be proved *aliunde,* and then the acts and declarations of the agent, within the scope of his authority, are binding upon the principal. But they are not admissible to prove the agency. *Dutton* v. *Woodman,* 9 Cush. 255. *Allcott* v. *Strong,* Ib. 323. *Currier* v. *Silloway,* 1 Allen, 19. *Baker* v. *Gerrish,* 14 Allen, 201. *Robbins* v. *Willard,* 6 Pick. 464. The entry in the cash book of the partnership, whether made by one of the partners or by a clerk or agent of the firm, was not competent for the purpose of proving that Warde was a partner. As it was introduced and used for this purpose, the exceptions must be sustained. We do not consider it necessary to discuss the instructions given at the trial, as the evidence upon another trial and the instructions applicable thereto may be different. *Exceptions sustained.*

*T. L. Wakefield & G. W. Estabrook,* for the defendants.

*S. C. Darling,* for the plaintiff.