JERE ABBOTT & another *vs.* JOHN H. PEARSON & others.

Suffolk. Nov. 16, 1880. — Jan. 6, 1881. LORD & SOULE, JJ., absent.

Entries in the books of a partnership are not evidence against any one to show
that he is a member of the partnership.

In an action against A. as a member of a firm, a plea in abatement filed by B.
in another case, (in which it was sought to hold him as a partner in the same
firm,) that, if he was liable, he was liable jointly with A., is inadmissible to show
that A. was a partner.

At the trial of an action against the defendant as a member of a firm, he used,
without objection, a book of the firm, for the purpose of fixing a date. *Held,*
that this did not make other entries in the book, not controlling or explaining
the entry used, competent evidence against him.

Evidence that a person, who, two years before, had acted as counsel for the
defendant in another action relating to the same subject matter, advised a wit-
ness, whose deposition was being taken, not to answer, is inadmissible to prove
that the defendant tampered with the witness, in the absence of evidence that
the relation of counsel and client then existed.

CONTRACT against the defendants as copartners doing business under the firm name of the New England Express Company. The case was disposed of as to all the defendants except Pearson; at the trial in the Superior Court, before *Dewey*, J., on the issue whether Pearson was a member of said firm, the jury returned a verdict for the defendant; and the plaintiffs alleged exceptions, which appear in the opinion.

*G. S. Hale & S. C. Darling*, for the plaintiffs.

*H. G. Parker*, for the defendant.

MORTON, J. The issue in this case was whether the defendant Pearson was a member of the copartnership known as the New England Express Company.

1. The plaintiffs offered in evidence the records of the executive committee of the New England Express Company. It was not contended that the defendant had ever attended any meeting or had any knowledge of the records. The entries in the records were not competent for the purpose of proving that the defendant was a partner. Until he is shown to be a partner, such entries are *res inter alios;* they are mere declarations, not made under oath, of a third person, which are not binding upon or admissible as evidence against the defendant. *Robins* v. *Warde*, 111 Mass. 244.

2. The plaintiffs offered in evidence a plea in abatement filed in the suit of *Robins* v. *Warde,* which "set up that, if said Warde and Eastman were liable, they were jointly liable with the defendant John H. Pearson and many others." The court rightly excluded this evidence. If this plea had been filed by the defendant Pearson, it would be difficult to see how it could be construed into an admission of his liability as a member of the New England Express Company. But a sufficient reason for excluding the evidence is that the plea was the mere act of Warde, the defendant in that case, and there is no evidence in this case to show that Pearson ever advised such a plea, or knew that it was filed, or in any way participated in advising or filing the plea.

3. The plaintiffs offered in evidence the "call book" and the "cash book" of the New England Express Company. These books were incompetent to show that the defendant Pearson was a partner, which is the only issue in the case now material, for

the same reasons for which the book of records first offered by the plaintiffs was inadmissible. They were *res inter alios.* The fact that the defendant had, for the mere purpose of fixing a date, used without objection one entry in the cash book, did not make all the entries in the book competent evidence against him. Such use by the defendant cannot fairly be considered as a waiver by him of his right to object to incompetent evidence in other parts of the book, not controlling or explaining the entry used by him. *Shaw* v. *Stone*, 1 Cush. 228.

4. The only other exception which the plaintiffs now rely on is that to the exclusion by the court of the deposition of L. D. Stevens. The only substantial facts stated in this deposition are, that, in June 1874, the deponent acting as a magistrate took two depositions in a suit brought by one Rice against the defendant Pearson as an alleged partner in the New England Express Company, viz. one of Edson C. Eastman and the other of the defendant Pearson; and that, at the taking of these two depositions, Samuel C. Eastman, who is a brother of said Edson C., represented the defendant Pearson as his counsel. Standing by itself, it is clear that this testimony is trivial and immaterial. To render it competent, the plaintiffs offered to show that, in August 1876, a commission was issued in the case at bar to take the testimony of the said Edson C. Eastman; that, after answering several questions, the witness declined to answer further until he had consulted his counsel, the said Samuel C. Eastman; and that an adjournment was had until the next day, when the witness appeared and declined to make any further answers. And the plaintiffs thereupon contended that the testimony of Stevens was competent, as tending to show that, in August 1876, the defendant Pearson tampered with the witness Eastman and prevented his giving testimony in this case.

If we assume, though it does not appear, that the counsel Samuel C. Eastman advised the witness not to answer, there is nothing in the bill of exceptions to show that at that time he was counsel of, or in any way connected with, the defendant. The proposition of the plaintiffs then is this: that, if a witness takes advice of his counsel and refuses to testify, the fact that the same counsel two years before acted as counsel of the defendant is sufficient to justify the inference that the defendant

through the counsel is tampering with the witness. We do not think that such an inference is justifiable; and are therefore of opinion, that the fact that, in 1874, Samuel C. Eastman was the counsel of the defendant, unsupported by any evidence of the continuance of that relation, was rightly held by the Superior Court to be immaterial and inadmissible.

The court also rejected the unfinished deposition of Edson C. Eastman. Being incomplete, it was inadmissible, and we do not understand that the plaintiffs contend that it is competent.

*Exceptions overruled.*