[Department One. — May 9, 1883.]

# CHARLES S. BRYCE ET AL., RESPONDENTS, v. OREN JOYNT, APPELLANT.

PARTNERSHIP — EVIDENCE. — On an issue as to whether one of several persons sued as partners was a member of the partnership when the transactions in question took place, the books of the firm, in the absence of other evidence, are not admissible to prove his connection with the partnership. But evidence tending to show that he was a member being first introduced, and it appearing that he had access to the books during a considerable period covering the dates at which the transactions occurred, and that he examined them on several occasions, and caused balance sheets to be taken from them and rendered to him, the books and the entries in them are competent to be submitted to the jury.

ID. — PRELIMINARY PROOFS — EVIDENCE TO CONTRADICT. — The sufficiency of the preliminary proofs to justify the admission of the books is a question for the court, and it is not error to reject evidence offered before the books are admitted to contradict these proofs. The rejection of evidence thus offered does not preclude its introduction at a subsequent stage of the trial in order to obviate the effect of the books.

ID. — INSTRUCTION. — The rights of the defendant in such a case are properly guarded by an instruction to the jury not to consider the books at all as evidence unless they believe from the evidence that the defendant knew their contents, and consented to the entries made in them, or knowing of them assented to them afterwards.

OFFER OF EVIDENCE — PRACTICE — APPEAL. — An offer of evidence cannot be considered on appeal unless there is a ruling upon it and an exception taken.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought against three persons as partners, but was afterwards dismissed as to two of them without prejudice to the right of the plaintiffs to proceed against the remaining defendant as a member of the firm. The facts are sufficiently stated in the opinion of MR. JUSTICE McKEE.

*E. W. McGraw*, for Appellant.

1. The books were not admissible for the purpose of showing that the defendant was a member of the partnership. (*Robins* v. *Warde*, 111 Mass. 244; *Abbott* v. *Pearson*, 130 Mass. 192; *McNeill's Exrs.* v. *Reynolds*, 9 Ala. 313.)

2. The admissibility of the books was a question for the court, and not for the jury, and the court erred in deciding it without hearing the evidence on both sides. (Best on Evidence, 113; *Bartlett* v. *Smith*, 11 Mees. & W. 485, 486; *Boyle* v. *Wise-*

*man,* 11 Ex. 360; *Cleave* v. *Jones,* 7 Ex. 421; *Corfield* v. *Parsons,* 1 Cromp. & M. 730; *Harris* v. *Wilson,* 7 Wend. 57; *Livingston* v. *Kiersted,* 10 Johns. 362; *Gorton* v. *Hadsell,* 9 Cush. 511; *Jones* v. *Hurlbut,* 39 Barb. 409; 1 Greenl. on Evidence, 13th ed. § 49, note 3; Code of Civil Procedure, §§ 2101, 2102.)

*Chickering & Thomas,* and *Wm. M. Pierson,* for Respondents.

1. Before offering the books, it was proved by evidence *aliunde* that the defendant was a partner. The books were admissible in corroboration of such evidence. (2 Greenl. on Evidence, § 483; Collyer on Partnership, § 770; *Richter* v. *Selin,* 8 Serg. & R. 437; *Howard* v. *Patrick,* 38 Mich. 795; *Frick* v. *Barbour,* 64 Pa. St. 120; *Chidsey* v. *Porter,* 21 Pa. St. 393; *McCann* v. *McDonald,* 7 Neb. 305; 2 Wharton on Evidence, §§ 1132, 1194; Parsons on Partnership, 195.)

2. The defendant was familiar with the books, frequently examined them, and had balance sheets made from them. Under these circumstances, the books were admissible irrespective of any other proof that he was a member of the firm; and a *prima facie* case for their admission being made out, it was proper for the court to admit them without hearing further evidence. (Code of Civil Procedure, § 2102; *Verzan* v. *McGregor,* 23 Cal. 342.)

3. The effect of the books as evidence was carefully guarded by the instructions of the court. (*Union Water Company* v. *Crary,* 25 Cal. 504.)

McKEE, J.—In this case the only issue raised by the pleadings involved the question : Whether Oren Joynt, the appellant, was at the dates of the transactions in controversy, a co-partner with the other defendants in the firm of Hubard Ward & Company. The transactions with the company took place in March, 1877.

At the trial of the issue, after evidence had been given on behalf of the plaintiffs, tending to prove that on the first of March, 1876, Oren Joynt, George C. Joynt, and Hubard Ward formed a partnership, under the firm name of Hubard Ward & Co., and that in March, 1877, Oren Joynt was still a member

of the firm and continued therein until the failure of the firm in the fall of 1877, counsel for the plaintiffs proved the identity of the cash book, journal, and ledger of the firm, and, in connection therewith, gave evidence tending to prove that the defendant, during the years 1876–77, had had access to the books, and on several occasions had examined them and caused balance sheets to be taken from them and rendered to him. Upon that evidence the plaintiffs then offered some of the entries in the books and the books themselves as evidence, and, over the objections of the defendant, the court admitted them, and the ruling is assigned as error.

In and of themselves the books were not admissible for the purpose of proving partnership. Until there was evidence of the fact, at the times of the entries on the books, the entries are to be regarded as *res inter alios*, mere declarations of a third person, not made under oath, which are not binding and are inadmissible to prove the fact. Partnership, like agency, must be proved by evidence *aliunde*. But when there *is* such evidence, sufficient in the judgment of the court to lay the foundation for the admission of corroborative evidence, then the books and the entries therein may be admitted as the acts and declarations of parties between whom such a relationship exists. (*Abbott* v. *Pearson*, 130 Mass. 191 ; *Robins* v. *Warde*, 111 Mass. 244 ; *McNeill's Exrs.* v. *Reynolds*, 9 Ala. 313.)

The case of *Hale* v. *Brennan*, 23 Cal. 512, like the case in hand, involved a question of partnership, i. e., whether there existed, between the plaintiff and the testator of the defendant in the case, a co-partnership in the business of keeping a hotel. At the trial it was admitted that the plaintiff was owner of one half of the hotel ; evidence was also given tending to prove that the business had been carried on and the books kept in the name of the "Santa Cruz Hotel"; that the entries in the books had been made by the testator and the clerk of the hotel, and that, after the death of the testator, the plaintiff had taken possession of the books. Upon that proof the books were offered and admitted in evidence, and it was held they were properly admitted. "They may," say the court, "have offered very little evidence upon the main question; . . . . but if they afforded any they were admissible."

Of course, the admissibility of the books depended upon the preliminary proof of partnership before the court at the time when the books were offered as evidence. But whether there was sufficient evidence of the fact, to serve as a foundation for their admission, was a question for the court, although the fact itself was ultimately to be found by the jury.

It is conceded that the admissibility of the books was a question for the court; but it is claimed that the defendant had the right to introduce counter-testimony upon the point of access and examination of the books, and that the right was denied him. The record shows no denial of the right, if such existed; for it shows that after the witnesses who had testified to the defendant's access to and examination of the books, had been cross-examined by his counsel, the counsel then stated to the court: "If the court thinks the admissibility of the books depends on that testimony, which is a question for the court, I think we would have a right to introduce counter-testimony upon that point, as to whether Joynt ever examined the books. We offer to put Oren Joynt on the stand to show that he never did." Upon this offer no ruling was made by the court, nor was one pressed; and the court ruled "that the books were admissible under the showing made." To that ruling no exception was taken. But when the entries on the books were offered, objections were made that "*they* were not admissible to prove partnership, and that the court should not pass upon the admissibility of the books until it has heard the evidence on both sides." Those objections were overruled, and to *that* the defendant then excepted.

But the ruling was not erroneous; for the books had been admitted, and the entries upon them, which were proposed to be read to the jury, tended to prove that the defendant was a member of the firm, and participated in its profits. Besides, a court is not bound to take counter-proof upon a preliminary question raised for its consideration and decision as to the admissibility of corroborative evidence of a fact in issue. It may permit such a course to be taken; but whether it will or not is a matter within its discretion, with which the appellate court will not interfere unless there has been an abuse of discretion. (*Verzan* v. *McGregor*, 23 Cal. 342; *Butler* v. *Beech*, 55 Cal. 29.)

Nor was the defendant deprived by the ruling of the court of the right to prove on the trial that he had not had access to the books and had not examined them. That right, indeed, was reserved to him by the court, but he refused to exercise it; for, so far as the record shows, at no time during the trial did he offer any evidence in rebuttal of the plaintiffs' evidence; consequently there is nothing in the record contradicting the evidence in the case, that the defendant had access to the books, examined them, and had balance sheets taken from them and furnished to him; nor is there any evidence in the record to disprove the partnership.

Moreover, the court in its charge to the jury instructed them that "they should not consider the books at all as evidence, unless they believed from the evidence that the defendant knew their contents, or consented to the entries made in them, or knowing of them assented to them afterwards." The right of the defendant could not have been more carefully guarded. There is no affirmative and prejudical error in the record.

Judgment and order affirmed.

McKINSTRY, and ROSS, JJ.—We concur. There was evidence tending to prove that Joynt was informed of the contents of the books without objecting to the manner in which they were kept. Evidence of his having examined the books, together with the entries themselves, properly went to the jury as tending to prove his recognition of the partnership.

Hearing in Bank denied.