THE STEUBEN COUNTY BANK, Respondent, *v.* JOHN L. ALBERGER et al., Appellants.

Where a member of a firm, who had charge of its financial business, took up firm notes by giving in exchange therefor notes of a third person,

indorsed by him in the firm name, which indorsement was without the knowledge of his partner,—*Held*, that the indorsement was within the authority of the partner making it; and that the firm was liable thereon.

(Argued December 9, 1885 ; decided January 19, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made April 26, 1879, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

This action was against defendants as members of the firm of J. L. Alberger & Co., upon indorsements in the name of that firm upon notes made by S. W. Nash, payable to the order of the firm, which indorsements were made by one of the members of the firm.

The material facts are stated in the opinion.

*John Campbell Hubbell* for appellants.    Plaintiff, not being a *bona fide* holder without notice, cannot invoke the presumption that the paper was issued within the scope of the partnership business. (*Fielden* v. *Lahens*, 6 Abb. [N. S.] 341; *Stall* v. *Catskill Bk.*, 18 Wend. 478; *Bk. of Rochester* v. *Bowen*, 7 id. 158; *Joyce* v. *Williams*, 14 id. 141; *Gansevoort* v. *Williams*, id. 133.)

*Spencer Clinton* for respondent.

RUGER, Ch. J.    The sole ground of error alleged, in the judgment appealed from is, that there was not sufficient evidence to sustain the finding of the referee, that John L. Alberger was authorized to use the firm name of J. L. Alberger & Co., as accommodation indorser upon the notes of S. W. Nash. The findings of the referee, as well as the proof, showed that on the 4th day of November, 1873, the plaintiff held two notes for $5,000 each, made by J. L. Alberger & Co., and upon which they were unquestionably liable, as principal debtors. One of said notes was past due and unpaid, and the notes in suit were made by S. W. Nash and indorsed by J. L. Alber-

ger & Co., for the purpose of retiring the former ones, and they were used in doing so. The notes for $5,000 each, held by the plaintiff as described, were made by J. L. Alberger on behalf of his firm and exchanged with said Nash for his notes of a similar date and amount for the purpose of enabling Nash to borrow money thereon, and he did obtain the money on them from the plaintiff. Said Nash and the firm of J. L. Alberger & Co. both resided and carried on business at Buffalo, and had been for several years prior to the execution of the notes in suit, in the habit of exchanging notes with each other, for their respective accommodations. Samuel F. Alberger had knowledge of this course of business, and so far as appears, approved the same. It farther appeared that John L. Alberger had charge of the financial business of his firm, gave its notes and provided funds for their payment, borrowed money and notes for its accommodation, and attended generally to the business of raising funds, with which to meet its obligations. Under these circumstances the notes in suit were indorsed in the firm name by John L. Alberger without the knowledge of his partner, Samuel F. Alberger, for the purpose stated.

We do not doubt but that the making of the indorsements in question, was entirely within the general authority of the financial partner of the firm, to provide funds to meet its liabilities. The notes for which those in suit were exchanged were given by the firm for value, and constituted obligations, upon which the firm were unquestionably liable; and in making the indorsements in question in the firm name, John L. Alberger was simply performing the duty which he had always exercised in the management of the affairs of the firm, of providing funds to meet its liabilities. The notes in suit were actually used in retiring the obligations of the firm, and, so far as the case showed, no limitation was ever placed upon the power of John L. Alberger to provide funds for such a purpose. In this case he procured the extinguishment of their liability as principal debtors by substituting therefor a conditional liability as indorsers, and imposed the primary duty of

paying the indebtedness upon another; and such an exercise of power was, we think, within the authority previously exercised by him as the financial member of the firm. (*Commercial Bank of L. E.* v. *Norton*, 1 Hill, 501.)

The judgment should be affirmed.

All concur.

Judgment affirmed.