By the Court.—McAdam, J.
The action is on a $4,000 note made May 1, 1889, by the defendant Whitney to his own order, payable thirteen months after date. Whitney endorsed upon the note first his individual name, and next that of Fitch & Whitney, a firm of which he was a member, and delivered the note to one Hills, who thereafter transferred it to the plaintiff. The original consideration for the note was moneys loaned by Hills to Whitney, individually, long before the firm of Fitch & Whitney was formed. The plaintiff received the note from Hills before Maturity and gave him credit on account for the amount of it. The plaintiff parted with nothing on the faith of the paper, so that he did not become a bona fide holder thereof for value, within the rule as established in this state. Coddington v. Bay, 20 Johns., 637 ; Stalker v. McDonald, 6 Hill, 93; Farrington v. Frankfort Bk., 24 Barb., 555; Moore v. Ryder, 65 N. Y., 438, and other cases collated in 4 Lawson’s Rights and Remedies, § 1581.
*82 He simply succeeded to the rights of Hills, subject to all the equities existing between him and the defendant. Hills could have maintained no action against Pitch, for he knew the note and the endorsement had nothing whatever to do with the firm business of Pitch & Whitney, and the plaintiff stands in no better position.
Each partner is the agent of the partnership, as to all matters within the scope of the partnership business, and can bind the firm by making, endorsing and accepting bills and notes in such business; but he has no more authority than a mere stranger to execute such paper in his own individual business, or for the accommodation of others, Farmers’ & M. Bk. v. Butchers’ & D. Bk., 16 N. Y., 135; such note can be enforced only against the partner making it, and the fact that the proceeds may have been used for firm purposes, does not render the non-assenting partner liable on the note. Union Bk. v. Underhill, 21 Hun, 178. Hills knew that the endorsement of Pitch & Whitney was not given for a partnership debt, or in the partnership business, but was written by Whitney, one of the firm, in a matter not relating to the firm’s business, but to a private transaction of his own, and it did not bind Pitch, his co-partner. Fielden v. Lahens, 9 Bosw., 445; S. C., 2 Abb. Ct. App. Dec., 111; 6 Abb. N. S., 341; St. Nicholas Nat. Bk. v. Savery, 45 N. Y. Superior Ct. R., 97.
Since every partner has prima facie equal power,, a note signed by the firm name, though made by a single partner, is presumably a firm note, Whitaker v. Brown, 16 Wend., 507, and so with a firm endorsement. Morehead v. Gilmore, 77 Pa. St., 118. But when it appeared, as it did here, that the note was not endorsed in the course of the partnership business, but for the benefit of Whitney, and that this fact was known to Hills, it was then incumbent on his transferee to show that Pitch as well as Whitney had assented to the undertaking. It was his duty on that state of facts to show *83 affirmatively that Fitch was a party to the contract. Wilson v. Williams, 14 Wend., 147; Vallett v. Parker, 6 Ib., 615 ; Austin v. Vandermark, 4 Hill, 259. His assent must be proved and will not be implied or presumed. Mercein v. Andrus, 10 Wend., 461.
The exception to the rule exists only in favor of a bona fide holder for value without notice, First Natl. Bk. of Chittenango v. Morgan, 73 N. Y., 593; Johnson v. Lee, 30 State R., 389 ; for the giving of a note in the partnership name is a virtual representation that it is given in the partnership business, and if negotiable, this representation is deemed in law to have been made to every bona fide holder of the note, and the firm as to him is estopped from denying the authority of the partner to issue the instrument. Farmers’ & M. Bk. v. Butchers’ & D. Bk., 16 N. Y., 135; Griswold v. Haven, 25 Ib., 602. Another exception is to be found in Stenben Co. Bk. v. Alberger, 101 N. Y., 202, where a member of a firm, who had charge of its financial business, took up firm notes by giving in exchange thereof notes of a third person, endorsed by him in the firm name, which endorsement was without the knowledge of the partner, and the court held that the endorsement was within the authority of the partner making it; and that the firm was liable thereon. This upon the ground that the notes sued upon were actually used to retire obligations of the firm, and no limitation was placed upon the power of the financial partner to provide funds for such a purpose.
There was no merit in the plaintiff’s case, and his complaint was properly dismissed. The exceptions taken are without force. The questions put for the purpose of proving a partnership by the admissions of Whitney, one of the partners, were properly excluded, for the admissions made by one of a number of persons sought to be charged as partners cannot be used against the others. Drennan v. House, 41 Pa. St., 30; Currie *84 v. Silloway, 1 Allen, 19. Nothing short of the separate admissions of each is competent to establish a partnership between them. Field v. Tenney, 47 N. H., 510; Bry v. Watson, 16 Me., 261; Pleasants v. Faut, 22 Wall., 116 ; McPherson v. Rathbone, 7 Wend., 216 ; Robins v. Warde, 111 Mass., 244; Dowley v. Hall, 5 Bush., 549. The effort to prove that Hills relied on the firm endorsement was abortive, for he knew it did not relate to a partnership transaction. The questions put to Whitney, as to whether the giving of the note was of any benefit to the firm were also properly excluded. They were not calculated to prove a fact, but to elicit the opinion of the witness founded on the theory that if he had paid his own debt from the assets of the firm, it would have depleted its capital to that extent, and hence the firm was benefited by adopting the course he pursued. The evidence rejected would not have affected the result, and the rule is that a new trial will not be granted where the plaintiff has been non-suited, although there was some evidence to establish the case, if the court is satisfied that the evidence, as well that adduced as that offered and rejected, was not sufficient to warrant a verdict in favor of the plaintiff. Wilson v. Williams, 14 Wend., 147. It follows that the exceptions must be overruled, the motion for. a new trial denied, and the defendant permitted to enter judgment on the non-suit, with costs.
Freedman, J., concurred.