[No. 19273.    Department Two.—February 9, 1894.]

## E. W. WEBSTER, APPELLANT, v. SAN PEDRO LUMBER COMPANY, RESPONDENT.

DOCUMENTARY EVIDENCE—DISCRETION OF TRIAL JUDGE—PRELIMINARY PROOF.—Where preliminary proof is necessary to the introduction of any kind of documentary evidence, the sufficiency of such proof is to be determined in the first instance by the trial judge; and his determination of the matter will not be disturbed unless there has been an abuse of discretion.

ID.—ENFORCEMENT OF TRUST—ACCOUNT BOOKS—PROOF OF CORRECTNESS.— In an action to enforce a trust against a lumber company for moneys alleged to have been deposited with it, the court may admit in evidence the account books of the defendant, where the objection to their introduction is not upon the ground that the books were not competent evidence, but upon the ground that the preliminary proof of their correctness was not sufficient, if there was sufficient preliminary evidence of their correctness to warrant the court in admitting them in evidence, although it afterwards appeared that one of the chief bookkeepers of the company had made manipulations of the cash book for the purpose of defrauding the company and embezzling some of its funds, which could not have the effect to reverse the ruling of the court, there being sufficient evidence as to the correctness of the books so far as the accounts and rights of those dealing with the company were concerned.

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Graff & Latham,* for Appellant.

The court erred in admitting the defendant's account books in evidence. The rule as to the admission of shop books is limited, with the proper qualification, to such as are kept for that purpose, and to dealings between a merchant and his customers in the regular course of business as a merchant. (1 Greenleaf on Evidence, secs. 117, 118; 3 Blackstone's Commentaries, page 368.) A book of entries of cash transactions is not admissible under the rule admitting the books in evidence. (*Smith* v. *Rentz,* 131 N. Y. 169; *Rudd* v. *Robinson,* 126 N. Y. 113.) If it be assumed that the books are admissible, subject to the rule governing the admissibility of a tradesman's books of account, respondent is not entitled to their admission, as it does not appear by independent testimony that they have been correctly kept in the usual course of business (*White* v. *Whitney,* 82 Cal. 166), and also because the books show marks of alteration and are inaccurate in several respects. (*Caldwell* v. *McDermit,* 17 Cal. 466.)

*Stephen M. White,* and *R. H. F. Variel,* for Respondent.

Under the circumstances, and the proof of defendant's honesty and integrity in keeping its accounts, the account books were regularly and properly admitted in evidence before the court. (See *Union Bank* v. *Knapp,* 3 Pick. 96; 15 Am. Dec. 181, and cases cited in notes on pp. 192, 193, and 195; *Watson* v. *Phœnix Bank,* 8 Met. 217; 41 Am. Dec. 500; Morse on Banks and Banking, 3d ed., sec. 295, and cases cited.)

McFarland, J.—This is, in form, an action to recover certain moneys alleged to have been deposited by plaintiff with defendant at various times from January 1,

1887, to November 1, 1889, to be held by defendant in trust for plaintiff. The answer denies that any moneys were deposited with defendant in trust, and avers substantially that during the times mentioned in the complaint defendant was engaged solely in the business of buying, selling, and dealing in lumber; that it was not engaged in banking business, and was not in any respect a trust company; that from August 31, 1887, to October 31, 1889, plaintiff was an employee of the defendant in the lumber business; that between August 31, 1887, and April 29, 1889, plaintiff did make certain deposits of money with defendant, but that they were made at the request of plaintiff and for his accommodation and convenience, and not for the accommodation of defendant; that during said times plaintiff made purchases of lumber from defendant; that defendant has fully paid plaintiff for his services and for all money deposited; that defendant kept a full and accurate account of all transactions between it and plaintiff, and that upon a settlement of the accounts between them on October 31, 1889, there was due and owing from plaintiff to defendant the sum of eighty-one dollars and twenty-four cents. The answer also set up the statute of limitations as to all items prior to April 29, 1889. The court found, substantially, that all the averments of the answer were true, except perhaps as to the statute of limitations, and gave judgment for defendant for the eighty-one dollars and twenty-four cents. Plaintiff appeals from the judgment and from an order denying a motion for a new trial.

The main contention of appellant is that the evidence does not support the findings, but this contention cannot be maintained. Appellant does not pretend to have kept himself any general account of the various transactions between him and the respondent. He relied upon the books of account kept by respondent of its general and current business, and made no objection to the state of his accounts with respondent as reported from its books until long after he had gone out of its

employment.   The only evidence of importance offered
by him was his own testimony based mainly upon writ-
ten memoranda which he said he had made from mem-
ory of a certain book in which he had made some entries,
and which had been destroyed.   His recollection of the
things to which he testified was so uncertain, and his
testimony in chief was so modified in his cross-examina-
tion, that if there had been no other evidence in the case
we would not be justified in disturbing the findings of
the court.

Appellant contends that the court erred in admitting
in evidence the account books of respondent.   The ob-
jection to the introduction of the books was not upon
the general ground that the books of respondent were
not competent evidence, but upon the ground that the
preliminary proof of their correctness, etc., was not suf-
ficient.   The general rule is that where certain prelimi-
nary proof is necessary to the introduction of any kind
of documentary evidence, the sufficiency of such proof
is to be determined in the first instance by the trial
judge, and that his determination of the matter will not
be disturbed unless there has been an abuse of discre-
tion.   (*Bryce* v. *Joynt*, 63 Cal. 378; *Butler* v. *Beech*, 55
Cal. 28; *Verzan* v. *McGregor*, 23 Cal. 342.)   In the case
at bar there was clearly sufficient evidence of the cor-
rectness, etc., of the books to warrant the court in admit-
ting them in evidence.   Afterwards one of the chief
book-keepers of respondent absconded, and it appeared
that he had made certain manipulations of some of the
books—particularly the cash book—for the purpose of
defrauding *the respondent,* and embezzling some of its
funds; but there was clearly sufficient evidence as to
the correctness of the books so far as the accounts and
rights of those dealing with the respondent were con-
cerned.   The evidence as to the acts of the absconding
book-keeper is not sufficient to upset the ruling of the
court as to the sufficiency of the preliminary proof to
warrant the introduction of the books.   There is noth-
ing in the objections to questions asked witnesses about

the correctness of the books; and there is no other point in the case which needs notice.

Judgment and order affirmed.

Fitzgerald, J., and De Haven, J., concurred.