[Civ. No. 5456.　First Appellate District, Division One.—September 15, 1926.]

# THOMAS DUGGAN, a Minor, etc., Appellant, v. G. S. FORDERER et al., Defendants; ALICE B. FORDERER, Respondent.

[1] Negligence—Collision Between Motorcycle and Automobile— Evidence—Directed Verdict.—In an action for damages for personal injuries sustained by plaintiff as the result of a collision of his motorcycle with defendant's automobile which had been parked facing south on the east side of a street running north and south, as to whether the operator of defendant's car, in driving out from behind another car on to the traveled portion of the street, without first seeing that there was no traffic that he might collide with, was negligent, or whether in doing so the operator of defendant's car operated such car in a careless or reckless manner and without due regard for the traffic on the highway, was a question of fact for the jury to determine; and assuming that the testimony of a witness to the effect that plaintiff was but ten feet from the point of impact when defendant's car was driven out from behind another car into the collision, and that plaintiff was looking in the direction he was going, was true, as it must be assumed to be on a motion for directed verdict in favor of defendant, the trial court would not be compelled to set aside a verdict found in accordance with the testimony of such witness.

[2] Id.—Directed Verdict — New Trial — Evidence.—The rule as to directed verdicts is not that a verdict may be directed whenever the evidence is such that upon motion the court would grant a new trial; the court may grant a new trial even when there is substantial evidence to sustain the verdict if it believes that the evidence preponderates against the verdict; and it is under compulsion to order a new trial, and may do so on its own motion when the evidence is wholly insufficient to sustain the verdict.

[3] Id.—Fact—When Court may Direct Verdict.—The existence or nonexistence of negligence is ordinarily a question of fact to be determined by a jury, and while the court may withdraw the case from the jury and direct a verdict, it can do so only when the evidence is undisputed, or is of such conclusive character that the court, in the exercise of sound judicial discretion, would be compelled to set aside a contrary verdict.

---

2.　See 24 Cal. Jur. 914; 26 R. C. L. 1070.

3.　See 19 Cal. Jur. 743.

[4] Id.—Directed Verdict for Plaintiff—Proper Refusal of.— In such áction, the trial court did not err in refusing to direct a verdict in favor of plaintiff.

[5] Id.—Parking of Automobile — Ordinance — Evidence. — In such action, the action of the trial court in excluding from evidence a city ordinance prohibiting any person in charge of a vehicle to stop the same with the left side of such vehicle toward, or along, or next to the curb, except in the residential district, was proper, where there was no foundation laid showing that the district where the accident occurred was not a residential district.

[6] Id.—Documentary Evidence—Preliminary Proof—Discretion.— The general rule is that where certain preliminary proof is necessary to the introduction of any kind of documentary evidence, the sufficiency of such proof is to be determined by the trial judge and that his decision of the matter will not be disturbed unless there has been an abuse of discretion.

[7] Id.—Locality of Accident—Character of District—Judicial Notice.—In such action, the evidence did not justify the trial court in taking judicial notice that Potrero Avenue near Sixteenth Street, in the city and county of San Francisco, where the accident occurred, was a business district.

---

(1) 42 C. J., p. 1233, n. 27, p. 1245, n. 29, p. 1253, n. 39; 38 Cyc., p. 1586, n. 8. (2) 29 Cyc., p. 627, n. 36 New. (3) 29 Cyc., p. 635, n. 68; 38 Cyc., p. 1571, n. 16. (4) 42 C. J., p. 1240, n. 72. (5) 42 C. J., p. 1229, n. 77, p. 1240, n. 72. (6) 4 C. J., p. 814, n. 63; 22 C. J., p. 967, n. 77. (7) 23 C. J., p. 87, n. 63.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. J. Trabucco, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

Reisner & Honey for Appellant.

Walter H. Linforth for Respondent.

CAMPBELL, J., *pro tem.*—This is an appeal from a judgment in favor of respondent upon an instructed verdict in an action for personal injuries sustained by appellant as the result of a collision of appellant's motorcycle with respondent's automobile. Before the trial the action

---

7. See 10 Cal. Jur. 713.

was dismissed as to all defendants except Alice B. Forderer, respondent herein.

The accident occurred on Potrero Avenue near Sixteenth Street, in the city of San Francisco, almost immediately in front of the place of business of G. S. Forderer, the husband of respondent, which was on the east side of Potrero Avenue—Potrero Avenue runs in a general northerly and southerly direction while Sixteenth Street runs in a general easterly and westerly direction. The morning of the accident Mr. Forderer and his wife had returned from Los Angeles and were met at the Townsend Street depot by the chauffeur, who was driving the car owned by Mrs. Forderer, and by whom he was employed. Mr. Forderer, being desirous of going immediately to his place of business, the chauffeur drove him there, intending upon his getting out of the car to drive Mrs. Forderer home. When Potrero Avenue was reached the automobile traveled on the west side of the street, headed south until it reached a point nearly opposite to the entrance of Mr. Forderer's place of business, when the car was driven across Potrero Avenue to the east side of the street and stopped in front of such entrance. The point where the car was stopped was seventy-seven feet and ten inches from the north property line of Sixteenth Street. As the machine was thus stopped along the east curb of Potrero Avenue, it was headed south. Just as Mr. Forderer got out of the machine an alarm of fire in the immediate vicinity was heard and the fire-engine and apparatus appeared. On account of the fire the machine was unable to move and was compelled to remain in front of Mr. Forderer's premises for some considerable time. When the fire was over, and the automobile was permitted to be moved, the chauffeur started the machine, intending to cross to the west side of Potrero Avenue, which would be his right-hand side in the direction he intended going, and to then continue west on Sixteenth Street and take Mrs. Forderer home. The appellant, riding a motorcycle, came west on Sixteenth Street and turned north into Potrero Avenue, proceeding on the right-hand side of the street, about halfway between the curb and the first car rail, and came into collision with the front end of respondent's automobile at a point estimated by the different witnesses to be

forty to sixty-five feet from the intersection of Sixteenth Street. At the time of the collision the front end of the automobile was twenty feet from the curb and six feet from the first car rail. The distance from the curb to the first car rail being twenty-six feet. Up to this point there is no variance in the testimony, excepting as to the place where the impact occurred, the witnesses placing it from forty to sixty-five feet from the intersection of Sixteenth Street. The plaintiff testified that when he turned the corner at Sixteenth Street and proceeded north on Potrero Avenue that the roadway was clear and that a machine was parked on the east side of the street at the curb. That there might have been more machines parked along the curb; that he kept going and all of a sudden the respondent's machine shot out from the curb; that he did not see it until it was eight or nine feet in front of him; that he tried to avoid the collision by turning to the left, but was unable to do so. On cross-examination he testified that between the time he first saw the machine and the moment of the impact it was not going faster than six, seven or eight miles an hour. Appellant's witness Fields testified that he was driving a truck and that appellant passed him on Sixteenth Street and that he followed appellant and saw him turn into Potrero Avenue and everything that occurred thereafter; that he stopped his truck in the intersection of the two streets; that appellant was driving his motorcycle about fifteen miles an hour at the time of the impact. That the impact occurred about forty feet northerly from the property line of Sixteenth Street and that appellant had reached a point about thirty feet down Potrero Avenue when the machine of respondent started out from the curb, or, in other words, appellant was but ten feet from the point of impact when respondent's car was driven out into the collision. That appellant was looking in the direction he was going all of the time from the time he turned into Potrero Avenue until the collision, and was driving his motorcycle about halfway between the car rail and the curb. That there was another car parked in front of respondent's car and that when he first saw respondent's car it was moving and coming out from behind the other car. **[1]** As to whether the operator of respondent's car, in driving out

from behind another car on to the traveled portion of the street, without first seeing that there was no traffic he might collide with, was negligent, or whether in doing so the chauffeur of respondent operated such car in a careless or reckless manner and without due regard for the traffic on the highway, is a question of fact for the jury to determine. Unquestionably the testimony given by the witness Fields, if believed, is sufficient to support a verdict. It is true that other witnesses testified that appellant was looking on the other side of the street and did not see the automobile of respondent until immediately before the collision; that his attention was directed to his impending danger by the chauffeur who sounded his horn and hollered at him and that then he attempted to cut to the right of the car, but he suddenly swerved and his motorcycle went right from under him, and he collided with the automobile and that the automobile was stopped when he collided with it.

[2]   The rule as to directed verdicts is not that a verdict may be directed whenever the evidence is such that upon motion the court would grant a new trial. The court may grant a new trial even when there is substantial evidence to sustain the verdict if it believes that the evidence preponderates against the verdict. It is under compulsion to order a new trial, and may do so on its own motion when the evidence is wholly insufficient to sustain the verdict. This is the meaning of the language of *Estate of Baldwin,* 162 Cal. 471 [123 Pac. 267], where it is said that a directed verdict is proper "Whenever upon the whole evidence the judge would be compelled to set a contrary verdict aside as unsupported by the evidence." (*Estate of Caspar,* 172 Cal. 150 [155 Pac. 631].)

[3]   The existence or nonexistence of negligence is ordinarily a question of fact to be determined by a jury, and while the court may withdraw the case from the jury and direct a verdict, it can do so only where the evidence is undisputed, or is of such conclusive character that the court, in the exercise of sound judicial discretion, would be compelled to set aside a contrary verdict. (*Davis v. California St. C. R. R. Co.,* 105 Cal. 131 [38 Pac. 647]; *Estate of Baldwin,* 162 Cal. 471 [123 Pac. 267]; *Diamond v. Weyerhaeuser,* 178 Cal. 541 [174 Pac. 38].)

In the instant case, if the testimony of the witness Fields be true, and for the purpose of directing a verdict it must be assumed to be true, the court would not be compelled to set aside a verdict found in accordance with his testimony.

[4] In the assignments of error that the court erred in refusing to direct a verdict in favor of appellant and erred in excluding from evidence section 11 of Ordinance No. 1857, New Series, Ordinances of the City of San Francisco, prohibiting any person in charge of a vehicle to stop the same with the left side of such vehicle toward or along, or next to the curb, except in the residential district, there is no merit. [5] The court properly denied the motion of appellant for an instructed verdict and upon the foundation laid for the introduction of the ordinance, it was properly excluded. The Motor Vehicle Act, adopted · in 1915, and as amended in 1917 (Stats. 1917, p. 382), 1919 (Stats. 1919, p. 191), and 1921 (Stats. 1921, p. 67), in force at the time of the accident, did not prohibit the parking of a machine as the machine in question was parked prior to the happening of the accident. Unless it affirmatively appears that the district in which the accident happened was not a residential district, no foundation was laid for the introduction in evidence of the ordinance, for if the district be not a business district, the ordinance was immaterial. [6] "The general rule is that where certain preliminary proof is necessary to the introduction of any kind of documentary evidence, the sufficiency of such proof is to be determined by the trial judge and that his decision of the matter will not be disturbed unless there has been an abuse of discretion." (*Webster* v. *San Pedro Lumber Co.*, 101 Cal. 329 [35 Pac. 871].)

In the instant case the record shows that in the immediate vicinity of the place where the accident happened there were some buildings ·occupied for business purposes and some as residences. On the east side of Potrero Avenue, between Fifteenth and Sixteenth Streets, was the Forderer Cornice Works; next to that a residence and next to that another place of business; on the west side was a Standard Oil station and a residence, the rest of the block being vacant. The block to the south of the place of the accident was built up as follows: At the southeast cor-

ner of Sixteenth Street and Potrero Avenue was a store
with a residence over it; next to that two stores with resi-
dences above them; next to that was a two-story flat. On
the south side of Sixteenth Street in the block from
Potrero Avenue east are all residences, excepting the build-
ing on the corner, made up of a store with a residence
over it. In the immediate vicinity of the place of the
happening of the accident was a public school and park.
Such was the condition of the record when appellant
offered the ordinance in evidence. Unless it affirmatively
appears that the district in which the accident happened
was *not* a residential district, no foundation had been laid
for the introduction of the ordinance. Whether it was or
was not such a district was a question for the court to
determine before passing upon the objection made. As
was said by the supreme court in *Webster* v. *San Pedro
Lumber Co., supra:* "The general rule is that where pre-
liminary proof is necessary to the introduction of any
kind of documentary evidence, the sufficiency of such proof
is to be determined in the first instance by the trial judge
and that his decision of the matter will not be disturbed
unless there has been an abuse of discretion."

[7] Appellant contends that under the authority of
*Varcoe* v. *Lee,* 180 Cal. 338 [181 Pac. 223], the trial court
should have taken judicial notice that Potrero Avenue,
where the accident occurred, was a business district. In
the Varcoe case the court instructed the jury that Mis-
sion Street, between Twentieth and Twenty-second Streets,
in the city of San Francisco, was a business district. In
affirming the case on that point the supreme court uses
this language: "It should perhaps be noted that the fact
that the trial judge knew what the actual fact was and
that it was indisputable would not of itself justify him
in recognizing it. Nor would the fact that the character
of the street was a matter of common knowledge justify
him in taking the question from the jury if there were
any possibility of dispute as to whether or not that char-
acter was such as to constitute it a business district within
the definition of the statute applicable. If such question
could exist, the fact involved—whether the well-known
character of the street was sufficient to make it a business
district—was one for determination by the jury. But we

have in this case a combination of two circumstances. In the first place the fact is indisputable and beyond question. In the second place it is a matter of common knowledge throughout the jurisdiction in and for which the court is sitting. A consideration of the reasons underlying the matter of judicial notice and its fundamental principles leaves, we believe, but little doubt as to its applicability here." Under the rule thus laid down the court would not, under the evidence, take judicial notice that the locality where this accident occurred was a business district.

The ordinance, aside from being objected to as immaterial and inadmissible, is further objected to as being void for uncertainty in that nowhere in the ordinance is there any definition of "residential district" and also as being in contravention of the provisions of the State Motor Vehicle Act. The views already expressed render unnecessary a decision on these latter objections.

The judgment is reversed and the cause remanded for a new trial.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 14, 1926, and a petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 12, 1926.