BENJAMIN HAROBINE *vs.* WILLIAM H. ABBOTT.

Hampden.    September 25, 1900. — October 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Personal Injuries — Licensee — Liability of Owner of Premises on Private Way*
*for Unsafe Condition not amounting to Trap.*

The owner of a way opened by him for his own convenience and the convenience of his tenants and those to whom he gives rights, the signs at the ends thereof informing all persons that they have not the rights enjoyed by the public in passing over public ways, and that they must pass at their own risk, is under no liability for the unsafe condition of the way caused by a mere failure to use ordinary care for the safety of licensees, while he is using the way for his own proper purposes and is not intending needlessly to expose others to danger.

TORT, for personal injuries occasioned to the plaintiff by falling into an excavation in a certain way in Holyoke, known as Howard Street, owned by the defendant. The accident occurred between half past eight and quarter to nine o'clock on the evening of September 7, 1899. Trial in the Superior Court, before *Maynard*, J., who, at the close of the evidence for the plaintiff and at the request of the defendant, directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*P. H. Sheehan,* for the plaintiff.

*A. L. Green & F. F. Bennett,* for the defendant.

KNOWLTON, J. This case is governed by the decision in *Moffatt* v. *Kenny,* 174 Mass. 311. All the facts relied on as grounds for a recovery in the present case existed in that case, and some of them seemed more favorable to the plaintiff than those now before us. The principles applicable to such cases have been discussed so often and so lately by this court that it it unnecessary to state them now.

The plaintiff was injured on the defendant's land, where he had no rights except as a licensee. There was no invitation or inducement to the public to use the way by a representation that' it was a public street which the public could use in the exercise of a legal right, and with an assurance that they would find there provision for their safety such as the law requires of the public authorities in the maintenance of public streets. The defendant had opened a way for his own convenience and the convenience of his tenants and those to whom he gave rights, and he had permitted others to pass over it merely as licensees. The signs at the ends of the way informed all persons coming there that they had not the rights enjoyed by the public in passing over public highways, and that they must pass at their own risk. If the signs were placed there by the city, and not by the defendant, they were as effectual to notify travellers that they were not on the public highway as if the defendant had maintained them. See also *Stevens* v. *Nichols,* 155 Mass. 472.

This case differs materially from *D'Amico* v. *Boston,* 176 Mass. 599. In that case the place where the plaintiff was injured had long been a public highway, and was left open for the public to be used without notice of the discontinuance of the way, and without anything to indicate that it was no longer a public highway. It was actually in use by the public, and there was no other road open for travel between Fayville and Marlborough at that time. Moreover, the city of Boston was then under a contract with the town of Southborough to secure safe and convenient ways of travel between Southborough and the neighboring towns, and between the different parts of the town, during the progress of the work. This contract had been approved by an act of the Legislature and was binding upon the city. The conduct of the city under these circumstances was equivalent to a

representation to the public that the road was still a public highway, and an invitation to use it as such in the expectation that it would be found safe.                    *Exceptions overruled.*