MICHAEL BOWLER *vs.* PACIFIC MILLS.

Essex.  ·November 6, 1908. — January 5, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Negligence,* Toward licensee, Of one owning or controlling real estate.  *Way,* Duty of owner of private way open to public.

A landowner, who for the purposes of his business constructs a street over his land, which remains a private way but from which it is impracticable to exclude the public without interfering with his own convenient use of the way, and who posts and maintains notices at different places where public streets open into his private street, indicating that it is a private way, does not invite the public to use his private street but merely permits them to do so, and his only duty to travellers on his street is not to injure them intentionally or wantonly.

TORT for personal injuries sustained by the plaintiff from being run over by a private freight train of the defendant, consisting of an engine and two cars, while the plaintiff was travelling on a bicycle over a railroad crossing maintained by the defendant on Canal Street in Lawrence.  Writ dated January 22, 1906.

In the Superior Court the case was tried before *Sanderson,* J. The following facts were not disputed:

The defendant at the time of the accident was the owner of the fee in a way in Lawrence called Canal Street, which was a private way in the sense that it was not accepted by the city as a public highway.  Canal Street ran east and west along the north bank of the North Canal and was about a mile in length. The westerly limit of Canal Street was at its intersection with Broadway.  Union Street crossed Canal Street at a point some distance east of Broadway.  Broadway and Union Street were public highways running north and south.

The defendant was the owner of a mill on the south bank of the North Canal near Broadway and of dwelling houses, storehouses, chemical works and other property on the north side of Canal Street near Broadway.  A large storehouse of the defendant was on the northeast corner of Canal Street and Broadway,

and the defendant built and maintained a railroad from this storehouse across Canal Street and over a railroad bridge to its mill on the south side of the North Canal. The crossing was built at grade with planks between and outside the rails. The distance from the westerly rail of the crossing on the south side of Canal Street to the sidewalk on Broadway was twenty feet and on the north side about thirteen feet. At the place of the accident, Canal Street, not including the sidewalk, was about forty feet wide; it was a gravel street with a brick sidewalk about ten feet wide on the north side.

It also was undisputed that the train which was passing over this crossing at the time of the accident was being operated by the defendant, and that a man who caught hold of the plaintiff and caused him to fall from his bicycle was the conductor of the train and an employee of the defendant.

The substance of the evidence on the only issue material to the decision is stated in the opinion. At the close of the evidence, the judge ruled that upon all the evidence the plaintiff was not entitled to recover. He ordered a verdict for the defendant, and reported the case for determination by this court, it being agreed by the parties that if his ruling was wrong the case should stand for trial in the Superior Court upon the issue of damages only. Otherwise, judgment was to be entered for the defendant.

*W. J. Bradley,* (*A. X. Dooley* with him,) for the plaintiff.

*J. P. Sweeney,* for the defendant.

KNOWLTON, C. J. The question principally argued in this case is whether the plaintiff was travelling on Canal Street by invitation of the defendant, or merely as a licensee. The street was laid out and constructed by the defendant, over its own land, for its own purposes, and it has been very largely used by its employees and others, in connection with the business carried on in its mills. The testimony was uncontradicted that it would be impracticable to exclude the public from the street without interfering with the convenient use of it by the defendant and others in the defendant's business. Notices have been posted and maintained at different places where other streets open into it, indicating that it is a private way. Upon the authorities, it must be held that the very extensive use of the

street by the public has been only permissive, and that members of the public, while on the street, have only the rights of licensees. *Moffatt* v. *Kenny*, 174 Mass. 311. *Harobine* v. *Abbott*, 177 Mass. 59. *Weldon* v. *Prescott*, 187 Mass. 415. *Reardon* v. *Thompson*, 149 Mass. 267. *Redigan* v. *Boston & Maine Railroad*, 155 Mass. 44. *Stevens* v. *Nichols*, 155 Mass. 472. In *Sweeny* v. *Old Colony & Newport Railroad*, 10 Allen, 368, there was, in addition to the construction of the crossing, an invitation by the signal of the flagman. The grounds of distinction between *Murphy* v. *Boston & Albany Railroad*, 133 Mass. 121, *Hanks* v. *Boston & Albany Railroad*, 147 Mass. 495 and *Sweeny* v. *Old Colony & Newport Railroad*, *ubi supra*, and cases like the present, are pointed out in the three cases first above cited. It is that in these last cases there was an implied representation that the place was a public street which might be used with safety, and an inducement to use it as such, which inducement, like an express invitation, creates a duty to provide for the safety of the users. In the present case the public were informed by the notices along the street that this was a private way.

The measure of the defendant's duty to the plaintiff was to refrain from doing him an intentional injury and from wantonly or recklessly exposing him to danger. It might use the street and carry on its business and conduct its operations as it chose, so long as it did not transgress in this particular.

It is not contended that the injury to the plaintiff was inflicted intentionally or wantonly, and there is no evidence of a breach of duty on the part of the defendant.

*Judgment on the verdict.*