NIELSEN v. CHRISTENSEN-GARDNER, Inc.

No. 5394.   Decided December 7, 1934.   (38 P. [2d] 743.)

*Hamilton Gardner,* of Salt Lake City, for appellant.

*H. L. Mulliner,* of Salt Lake City, for respondent.

FOLLAND, Justice.

Plaintiff suffered personal injuries when thrown from an automobile in which he was riding as a guest. The automobile was driven through a barricade and over a ditch in the state highway. The defendant was the contractor in charge of resurfacing and repairing the road under contract with the state road commission. From a verdict and judgment in favor of plaintiff, the defendant appeals.

Numerous errors are assigned, but these naturally fall into four classes: (1) That there is no substantial evidence tending to show defendant was negligent with respect to the location and construction of the barricade or the placing of lights thereon; (2) that the evidence conclusively shows the proximate cause of the accident was the negligence of the driver of the car; (3) that plaintiff was himself guilty of negligence effectively barring recovery; and (4) alleged errors in the admission and rejection of evidence at the trial.

The accident happened after dark, between 9 and 9:30 p. m., on the night of July 10, 1931, approximately a mile northwest from the northern city limits of Lehi City on the state highway. Defendant, under its contract with the state road commission, was engaged in resurfacing and making other improvements in the highway over a distance of about 2½ miles. The contractor had commenced work on the southerly end of the project and from time to time, as the work progressed, moved northerly and placed barriers to protect the road under construction. Traffic was directed over detour roads around the part of the highway withdrawn from use. The barricade at the point of accident had been constructed a day or two before the 10th of July. A portion of the road south and west thereof was withdrawn from public use by order of the state road commission. The barricade was placed approximately 7 or 8 feet north of a

cut which had been made in the paved highway for the purpose of placing therein a 36-inch concrete pipe to conduct the flow of water of the canal which the road crossed at that point. The canal at the southwest side of the paved highway widened to about 20 or 30 feet. There is conflict in the evidence with respect to the size and character of the barricade, and the number of lights placed on or near the barrier. Plaintiff's witnesses show the barrier to have been 5 or 6 feet high. It was constructed of two or three planks, of 2x10 inch or 2x12 inch material, fastened to three uprights and extended the entire width of the 18-foot strip of paved roadway. Two lighted red lanterns were hanging on the barrier, one on each side of the center of the road 7 or 8 feet apart. On this barrier was also a sign with letters 10 or 12 inches in height. Defendant's witnesses testified the barrier extended across the paved strip and for some distance on either side of the paved highway; that the detour sign was 4x6 feet in size; that there were four red lanterns on or near the barricade; that it was constructed of three pieces of timber 2x12 inches in size fastened to upright posts 8x8 inches in diameter; and that it was approximately 6 feet in height. A detour road took off from the paved highway to the west and south about 60 feet north of the barricade. Plaintiff, at the time of the accident, was riding as an invited guest of W. E. Butterfield, who owned and drove a Ford roadster. Three girls were in the car with the boys, two riding in the front seat with Butterfield and the third in the rumble seat with plaintiff. They were driving from Riverton in a southerly direction to Lehi and vicinity for the purpose of taking a social ride without definite destination. There is no evidence that the driver of the car or any of the party had been drinking intoxicating liquor, or had any liquor with them. As they approached the scene of the accident, they were traveling at a speed estimated by plaintiff at 28 to 30 miles per hour, by Butterfield at 30 to 35 miles per hour, and by witnesses for defendant at about 50 miles per hour. The dashboard was not lighted so that the rate of speed shown by the speedometer

was not visible in the darkness. Butterfield testified he saw the two red lights at the barricade when about 200 yards away, but that he did not reduce speed until within about 15 feet from the obstruction when he applied his foot brake. He said there was a cloud of dust arising in the road between him and the barricade which obscured his vision. The car moved through the barricade knocking down the sign and boards on the righthand side of the road and one of the lights. The car swerved to the right of the paved highway and jumped the ditch or canal, alighting on the far side, throwing the occupants of the car to the ground, and then traveled some 40 or 50 feet farther before tipping over on its side. The plaintiff, when thrown to the ground, suffered a dislocated and fractured shoulder and other injuries. The plaintiff at no time warned or cautioned the driver of the car or otherwise made any attempt to influence his conduct in driving. Both plaintiff and Butterfield had been over the road in the nighttime about three days before. They testified that at that time this barricade had not been erected and the work on the highway was being done at a point about a mile farther to the south and east. The boys claimed no prior knowledge of the location of this particular barricade, although they knew the road was under construction farther to the south and east.

For the purpose of this opinion it may be assumed the driver of the car was guilty of negligence. There is certainly sufficient evidence in the record to support such a finding. This, of itself, would not defeat a recovery by plaintiff unless it be found that the negligence of the driver was the sole proximate cause of the accident, without negligence on the part of the defendant which proximately caused or contributed to the happening of the accident, or that it was the sole proximate cause of the accident notwithstanding negligence on the part of the defendant, if any. *Lewis* v. *La Nier*, 84 Colo. 376, 270 P. 656. These questions were properly submitted to the jury by appropriate instructions.

The question of whether or not plaintiff was guilty of negligence which proximately caused or contributed to the happening of the accident was properly submitted to the jury by appropriate instructions. It is not contended by appellant that the negligence of the driver was or could be imputed to plaintiff. Plaintiff was riding in the rumble seat with the top of the car partly, at least, obstructing his view of the road. A guest is not charged with the same degree of attention to the road as is a driver. Evidence of the speed at which the car was driven was in conflict. Plaintiff was familiar with the road and had knowledge of construction work being done in the general locality. He testified he did not see or know of the particular obstruction at the place where the accident occurred. He was not required to warn the driver until something challenging had brought possibility of danger to his attention. Clearly it was for the jury to say whether or not he failed to do what an ordinary prudent person being a guest in the car, would do under the circumstances, and if negligent, to determine whether such negligence was a proximate or contributing cause of the accident.

We have examined all the objections to the admission or rejection of evidence which are assigned as error, and are satisfied there is no reversible error therein. To some of the rulings no exceptions were taken and as to these the objections are not reviewable. The present statute, R. S. Utah 1933, 104-39-2, which dispenses with the necessity of taking or noting exceptions to rulings of this nature, was not in effect at the time of trial. At that time the law required an exception to be taken at the time of ruling in order that the ruling be reviewable on appeal. Comp. Laws Utah 1917, § 6965. Eight of the assignments have reference to evidence, admitted by the court, as to conditions existing or actions occurring after the actual happening of the accident. It is undoubtedly the law that evidence of changes in, or repairs to, an alleged defective or dangerous instrumentality, alleged to have

caused or resulted in an injury for which damages are sought to be recovered, is inadmissible to show antecedent negligence or as an admission of negligence on the particular occasion, although such evidence may be admitted for certain other purposes. *Christensen* v. *Utah Rapid Transit Co.* (Utah) 27 P. (2d) 468. We think this rule of law was not violated by the rulings of the court. The court was extremely careful to instruct the jury with great particularity on the subject both orally during the trial and in his written instructions at the close of the case. Such evidence of subsequent acts or conditions as was admitted was by the court limited to the proper field of inquiry. Other assignments relate to conditions existing before the time of the accident. The evidence that dust lay in the road immediately north of the barricade two hours before the happening of the accident was not too remote and was relevant to the issues made by the pleadings. It was connected up by testimony that the conditions remained the same and that no rain had fallen in the meantime. It was not error for the court to permit the driver of the car to testify that the last time he was on the road before the accident, about three days prior thereto, the detour was about a mile farther down the road than at the time of the accident. This testimony had a bearing on the question of the witnesses' knowledge with respect to the presence of obstacles in the highway and as to what might be anticipated or expected on the day of the accident. Without particularizing further, it is sufficient to say we find no substantial or reversible error in the other assignments with respect to evidence introduced or rejected at the trial.

This brings us to the most difficult and important question presented for our attention; that is, whether or not on the record before it the court should have found defendant free from negligence as a matter of law and withdrawn the case from the jury. The plaintiff in his complaint charged negligence as follows:

"That after the said canal was cut through, the exact time thereof being unknown to plaintiff but the same being prior to the hour that he arrived at said point and during the afternoon or evening of said

day there had been placed on the immediate bank of said canal on the said highway two or three boards and there had also been placed two small lanterns right at the edge of the said cut through the said paved highway, the lights of which could not be reasonably distinguished from dim automobile lights, and the said canal at said point had a depth below the surface of the paved highway of about 5 or 6 feet and a width of about 15 to 18 feet. That there were no other lights or warnings and none back of the point of detour, and the lights so placed were wholly insufficient to warn plaintiff or other automobile travelers on said highway.

"That an unfrequently used road turned off southerly from the said paved highway, along the said canal on the side from which plaintiff was approaching, which road had been intended by defendant to be used as a detour, and as plaintiff is informed and alleges, had commenced to be so used prior to his arrival there. That such detour of traffic naturally and inevitably caused and there was as the car in which plaintiff was riding approached said point, dust arising around said open cut, obscuring the view, which said condition was, or in the exercise of reasonable care would be known to defendant. Under such conditions, plaintiff or the driver of said car passing along said highway at said point and time could not see or reasonably be expected to see or distinguish the said lanterns or boards or sign on the edge of said canal or know that the said highway had been taken up or the said canal cut through or that there was any detour at said point in time to escape the danger of said canal. That the conditions thus caused and created in the said public highway by the said defendant rendered the said highway highly unsafe and dangerous, and no sufficient notice or warnings of such danger were given by defendant to plaintiff and others passing said point."

It is conceded that defendant was under a duty to build and maintain such a guard or barrier as would be ordinarily and reasonably efficient to give warning to the traveling public of the dangerous conditions in the highway. Whether the barrier erected and maintained with lighted red lanterns thereon as shown by plaintiff's evidence was sufficient for this purpose as matter of law is the question for decision. The rule applicable is stated in 7 McQuillin, Municipal Corps., at page 216, as follows:

"The question as to the sufficiency of the guard or warning is not susceptible of a precise answer. The test is whether the means employed are reasonably sufficient for the purpose intended, namely,

to protect travelers; and it may be added that the question of sufficiency is generally one of fact for the jury, although in particular cases barriers may be held sufficient or insufficient as a matter of law. However, it is clear that the street need not be so barricaded as to preclude absolutely the possibility of injury but it is sufficient that a plain warning of danger in traveling a street is given.

"The rule is well summed up as follows: It is the duty of the municipality, when the obstructions are placed in the street, to use such means as are reasonably necessary to warn those using the street of the presence of the obstruction, and it is generally a question for the jury, 'under the particular facts in each case, to determine whether or not the means used for this purpose were reasonably sufficient. Guard rails, lights, or watchmen, any or all, might be required, according to the local conditions. In some instances guard rails might be amply sufficient, in others, lights, while still others additional means might be required. No hard and fast rule can be laid down fixing the means that shall be employed in each particular case, further than to say that they shall be such as are reasonably sufficient to warn the traveling public of the presence of the obstruction.'

"Generally, a plain warning by the use of a red light is sufficient, without barricading a street so as to preclude injury, but an electric light upon a street cannot ordinarily take the place of red lanterns. The obligation to erect a railing sufficiently strong to keep automobiles from going over an embankment, it has been held, is not imposed; but that a railing sufficient to protect travel generally is enough. A watch need not be kept during the night over an excavation, unless there are circumstances peculiar to the particular case making it necessary."

Huddy Cyc. of Automobile Law, page 354, also announces the rule in the following language:

"It is the duty of the State or municipality to take precautions against injury to motorists from defects or obstructions in the roadway of the highways or from dangerous places alongside the road. This duty may require the highway authorities to erect barriers or guard rails, or to place signs of warning, including lights at night, at places of danger, and if they fail to do so, they are liable in damages to a motorist who is injured in consequence of their neglect. There is no hard and fast rule as to the kind and character of a guard rail or barrier to be erected so that the highway may be deemed reasonably safe for the ordinary needs of travel. Public roads are intended for ordinary travel; if they meet the requirements which their ordinary uses demand the authorities in charge of them have

performed their duty under the law, and cannot be made answerable in damages for extraordinary accidents occurring on them."

See, also, 9-10 Huddy on Automobile Law, p. 368, and 13 R. C. L. 440.

For the purpose of this decision the legal sufficiency of the barricade must rest on the evidence produced on behalf of the plaintiff. This shows that the barricade extended across the entire paved highway, was 5 or 6 feet high, composed of two or three planks fastened to uprights, and that two lighted red lanterns were hanging on the barricade, one on each side of the highway, and that there was a detour sign on the barricade. The lights were seen by Butterfield, the driver of the car, when approximately 600 feet up the road. Another of plaintiff's witnesses testified he saw them when 150 to 200 feet away. If the barricade, sign, and lights as described by these witnesses were sufficient in law, then the verdict should have been directed or a nonsuit granted. Respondent argues not only that the barricade itself was insufficient, but that it was located so close to the cut in the pavement that the driver could not stop his car after seeing and striking the barricade and before running into the ditch. It is well settled that such sign or obstruction is required to be only a warning and is not required to be at such location or of such size and strength as to effectively prevent a car driven against it from going through it and into the excavation beyond. *City of Amarillo* v. *Rust* (Tex Civ. App.) 45 S. W. (2d) 285.

The point is made that a sign was not placed on the side of the highway a sufficient distance back from the barricade to warn travelers that there was a barrier ahead. On this question the evidence is in dispute. A witness for the defendant testified there was such a sign about 300 feet in advance of the barricade giving warning of danger ahead. The witnesses for plaintiff, however, testified they saw no such sign. While such notices are usual as an additional precaution, yet there is no positive duty on the

contractor to place such notices where the barrier itself is sufficient to give ample and timely warning. *Butcher* v. *City of Racine*, 189 Wis. 541, 208 N. W. 244.

It is of no controlling importance on this record whether the barricade extended beyond the side of the paved highway or not, since it was not lack of a barrier in the path of the automobile that caused the accident. The car crashed through the barrier at the edge of the pavement knocking it down together with the detour sign and a red lantern. The driver did not, for some reason, see the barrier directly in front of him, or the sign or the lights thereon, in time to bring his automobile under control, or if he saw them in time he did not heed the warning until too late to avoid crashing into the obstruction. If he did not see these obstructions directly in front of his path, it is not likely that a barrier extending on either side of the paved highway would have been more readily seen by him.

Respondent has pleaded, and now urges, that the fact of dust arising in the vicinity of the barrier tending to obscure it from plaintiff's view was a contingency which the contractor should have anticipated, and that more or other or different lights, or a different barrier, were, in the exercise of due care, required to be placed in the highway as a warning. If the two red lights which the driver said he saw were not sufficient warning of danger, it is difficult to believe that more or other lights would have been any more efficacious in giving him warning of the danger. He did not reduce the speed of his car until he was in the dust when he saw the barricade about 15 feet ahead of him. The presence of dust in the highway is itself sufficient warning to call upon the driver of the car in the exercise of due care, to reduce speed and have his car under control. Note 37 A. L. R. 587. This is particularly true if the dust was of such character as to obscure his vision of the road ahead. When Butterfield saw the red lights 200 yards up the road, either the road was free from dust at the time or the lights were plainly visible not-

withstanding any dust that might have arisen from the road.

In most of the cases called to our attention by respondent where the question of defendant's negligence was submitted to the jury, there was a dispute of fact requiring a finding by the jury as to whether a barrier at all was in place, or whether it was such a barrier as could, by the exercise of ordinary care, be seen at night, or whether red lights were placed on the barrier, or if in place, whether they were burning at the time of the accident. *Strickfaden* v. *Greencreek Highway Dist.*, 42 Idaho 738, 248 P. 456, 49 A. L. R. 1057; *Terry* v. *Peterson*, 97 Cal. App. 160, 275 P. 484; *Brengman* v. *Kings County*, 107 Wash. 306, 181 P. 861; *Reed* v. *City of Spokane*, 21 Wash. 218, 57 P. 803. Here the facts are not in dispute as to the existence of a barrier and a sign of the size and location described by plaintiff's witnesses. There were at least two lighted red lanterns hanging thereon at the time of the accident, the lights of which the driver of the car said he could see for a distance of 200 yards.

The rule with respect to when the court may, on undisputed evidence, determine the sufficiency of a barrier placed on the street as a warning, is well stated in *Thomas* v. *City of Lexington*, 168 Miss. 107, 150 So. 816, 817. The court while holding a barrier placed in front of an excavation was insufficient as a matter of law, stated the rule as follows:

"As a general rule, the question as to whether or not signals or warnings against existing defects in a street are sufficient is one for the determination of the jury. Such is the case where the evidence is conflicting, or is such that reasonable minds might arrive at different conclusions; but where the evidence is undisputed and only the inference of negligence can be drawn from the proven facts as to the nature or character of the signals or barriers erected as a warning of a defective or dangerous condition in a street, the question of negligence in respect to the particular defect or obstruction or warning signal is one for the court."

We hold to the view that the barricade and sign with red lights burning as shown by plaintiff's witnesses were sufficient warning to meet the requirement of due care on the part

of the contractor. Reasonable men cannot well differ in reaching this conclusion. The court should have withheld the case from the jury and directed a verdict. Cases tending to support this view are the following: *Cora* v. *Borough of Kingston*, 300 Pa. 159, 150 A. 384; *Tagge* v. *City of Roslyn*, 51 Wash. 258, 98 P. 668; *Inman* v. *Patterson*, 232 App. Div. 379, 249 N. Y. S. 596; *Butcher* v. *City of Racine*, supra; *Carlson* v. *City of New York*, 150 App. Div. 264, 134 N. Y. S. 661; *Mroczek* v. *Smolenski*, 216 App. Div. 264, 214 N. Y. S. 668.

For the reasons stated, the judgment is reversed, and the cause remanded to the district court of Salt Lake county, with directions to grant a new trial. Costs to appellant.

STRAUP C. J. and ELIAS HANSEN, EPHRAIM HANSON, and MOFFAT, JJ., concur.