ALLEN, Judge.
This is an appeal from a final judgment entered in a common law action by Betty Pine against M. J. Carroll Contracting Company, a corporation. The suit was based on the alleged negligence of the defendant in maintaining certain highway construction, plaintiff having been injured when the car in which she was a passenger ran into an unpaved depression or “hole” in such highway. The judgment was based on a jury verdict for plaintiff in the amount of $10,000. Defendant appeals, the parties being referred to herein as they stood before the lower court.
The defendant, under contract with the State Road Department of Florida, was making certain improvements on a highway running through Orlando, then Southerly to Kissimmee. These improvements included the widening of the highway from two lanes to four lanes. In addition, a “parking strip” was being constructed adjacent to each side of the widened road.
The plaintiff was injured while the car in which she was riding was being driven on the parking lane adjacent to one of the southbound lanes of the highway. West of the center line of the highway there exists the old southbound lane, the new southbound lane and the parking lane. The new southbound lane was approximately 16 feet wide, while the adjacent southbound parking lane was approximately 10 feet wide. There were flares and barricades on the east side of and parallel to the new southbound lane. Where 29th Street intersects the highway, a portion of the new paving was left incomplete to permit traffic to enter from said Street. This incompleted paving left an 8 inch deep depression of about 14 feet north and south and about 18 feet east and west. There was testimony that two flares had been placed in the path of a car that would be heading south on the parking lane. There was disputed testimony as to whether this could be observed by the driver of an automobile approaching the same in time to avoid driving into the depressed area.
There was testimony that the driver of the automobile had engaged in a “drag” race before reaching the highway in question, but had stopped after admonishment by his passengers. As the car approached the 29th Street intersection, plaintiff commented that the flares were on the left and that they must be in the wrong lane. About the same instant, Brown, who was the driver of the car, saw a “dark spot” in the road and applied his brakes. The car skidded about three car lengths in a straight line into the depression and stopped against the south side of it. The automobile was completely wrecked and all in the car were injured at least slightly. Plaintiff suffered severe injuries about the face, particu-ularly the mouth and teeth.
The driver saw no barricades or other warning of the presence of the depression. *687 He knew the highway was under construction but not exactly what portion. Plaintiff likewise knew that some portions of the highway were under construction. There was evidence that Brown, the driver, had had two mixed drinks made with bourbon whiskey, which had been mixed and served to him by the plaintiff earlier in the evening.
The plaintiff argues that there was no evidence that showed that there were, anywhere along the route, any barricades or warnings which indicated that the extreme right hand lane, in which the plaintiff was traveling, was not open and safe for travel by the public; and that the “flares” and “horses”, stretched in a line parallel to the two lanes of traffic and directly between the right and left lanes, gave no indication that the right hand lane was not open for traffic.
One of the plaintiff’s witnesses, Curtis Connor, testified, in effect, that he had passed the scene of the accident prior to its occurrence; that at that time, around 9 o’clock p. m., he saw no barricades blocking southbound traffic in any of the southbound lanes; that there was a line of barricades and flares running north and south in approximately the center of the combined southbound lanes; that he saw the depression or hole herein involved; and that at that time, he saw no barricades or flares marking off or blocking such hole against southbound traffic.
Plaintiff’s witness, C. W. Williams, testified that he had gone to the scene of the involved accident immediately after its occurrence. He then confirmed the testimony of witness Connor, above, as to the fact that there was a north-south line of barricades in the approximate center of the combined southbound lanes, and as to the fact that there were no barriers blocking any of the southbound lanes or blocking the approach of traffic in those lanes to the involved depression or hole.
Defendant’s witnesses testified that there were barriers across the so-called “parking lane” which abutted the southbound traffic lanes; that there were barriers or flares blocking off the involved depression against southbound traffic; and that such barriers and flares were so located as late as 9 o’clock p. m. on the evening of the accident. However, this testimony was contradicted by the plaintiff’s witness, Connor, and by plaintiff and her driver, Brown.
The appellant, in its brief, sets forth the following citations to show the general duty of a contractor under the circumstances that existed at the time of the collision in this case:
“Where a highway under construction has not been completed or accepted the contractor during such period is obligated only to keep the road in a reasonably safe condition for travelers vigilant to observe obstructions incident to the construction work in progress.” 40 C.J.S. Highways § 254.
“The barriers, railings, guards, or signals should be sufficient reasonably to warn and protect travelers on the highway, in the exercise of reasonable care.” 40 C.J.S. Highways § 262.
“It is not required that barricades should be placed around or in front of obstructions or other like situations of danger within the space included between other nearby barricades which are sufficient of themselves as a warning of danger. If a contractor maintains warning signals and barricades at the termini of a highway under construction, and the condition of the highway itself shows that it is uncompleted, he need not place signals or flares at intermediate places on the highway. * * *” 40 C.J.S. Highways § 262, p. 311.
“Actual notice of every specific obstruction or defect in a street or highway is not required to be given to a traveler, nor need the way be so barricaded as to preclude all possibility of injury, but it is sufficient if a plain warning of danger is given and the *688 traveler has notice or knowledge of facts sufficient to put him on inquiry.” 25 Am.Jur. 708, Sec. 413.
In the case of H. E. Wolfe Construction Co. v. Ellison, 1936, 127 Fla. 808, 174 So. 594, 602, Mr. Justice Davis, in a concurring opinion, said:
“It is unquestionably the duty of a construction company to place and maintain during the time of darkness such warning signals as will enable automobilists driving in the usual, ordinary, and customary way and with ordinary care to discover unusual and not to be expected hazards or damages (sic) placed in the highway by the construction company. * * *
“The driver of a vehicle on the highway is not under a duty to be on lookout for obstructions; but, in absence of knowledge, has the right to presume the highway to be free of foreign barricades and the like and to drive accordingly. * * *
“It is also the general and indeed the universal rule in' the United States, and especially in the state of Florida, that, in a suit for personal injuries to a mere passenger in an automobile brought against a highway contractor, resulting from the defendant’s alleged negligent failure to maintain proper lights on detour sign placed by him obstructing the highway, questions whether driver was operating auto■mobile with due care at time of collision with contractor’s detour barricade, and whether highway contractor had discharged his duty of maintaining proper and adequate lights and signals on the highway obstruction, are not matters of law for decision by the court, but are for the jury to decide under proper instructions. * * * The general rule to the foregoing effect is thus succinctly stated by the Supreme Court of Alabama as follows: ‘It must of course be conceded that, as a general rule, the sufficiency of signals or barriers to give reasonable warning of or security against existing danger, especially with respect to their character, number, and arrangement, is a question of fact for the jury.’ (Italics supplied.) Kearns v. Mobile Light & R. Co., 196 Ala. 99, 71 So. 993, 994.”
See also, Smith Engineering & Construction Co. v. Cohn, Fla.1957, 94 So.2d 826.
Since the plaintiff was a passenger in the car in which she was riding, the following paragraph in the case of H. E. Wolfe Construction Co. v. Ellison, supra, is pertinent:
“Now in the present case it is conceded by the plaintiff in error that any mere contributory negligence of J. O. White, driver for Barco Motors, Inc., in driving the automobile against the barricade in question, cannot be imputed to Mrs. Ellison, the plaintiff, who was a mere guest in the car at the time she was injured. ‘A passenger or guest in a vehicle is not barred from recovery for harm resulting from the negligence of a third person by the contributory negligence of his carrier or host.’ A.L.I. Torts, Negligence, § 490, p. 1272. Therefore, even if the driver, J. O. White, was negligent in his operation of the vehicle in which Mrs. Ellison was riding, such negligence, unless the sole proximate cause of the collision with the barricade constructed by the highway contractor, cannot defeat plaintiff’s guest’s recovery against the defendant contractor. Nielsen v. Christensen-Gardner, Inc., 85 Utah 79, 38 P.2d 743.
******
“ * 4s * The Alabama cases on this point are more in harmony with our own decision in Brinson v. City of Mulberry, 104 Fla. 248, 139 So. 792, where we recognized, by reversing a judgment based on a directed verdict for defendant, that such questions as *689 are here presented are questions of fact and not questions of law, where there has been raised a substantial issue of the adequacy of a protective means such as the sufficiency of lights on a place of danger.”
See also 3 Fla.Jur., Automobiles, § 175, “Imputed Negligence; Joint Enterprise”.
We are of the opinion that there was sufficient conflicting evidence for the jury’s determination of the issues in this case. Therefore, the lower court was justified in submitting the issues to the jury. The lower court should be and is affirmed.
Affirmed.
KANNER, C. J., and THORNAL, CAMPBELL, Associate Judge, concur.