DAVID BOSILJEVAC, APPELLEE, V. READY MIXED CONCRETE
COMPANY, A CORPORATION, APPELLANT.
153 N. W. 2d 864

Filed November 3, 1967. No. 36541.

Cassem, Tierney, Adams & Henatsch and John B. Henley, for appellant.

McGowan & Troia, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

On June 20, 1961, plaintiff David Bosiljevac and his friend Patrick Mahoney were operating motorbikes during the daylight hours on the outskirts of Omaha intending to go to Hansen's Lakes. They were traveling in a westerly direction on a gravel county road which was dry and dusty. An automobile which left a trail of dust was some distance ahead of them. The automobile was followed by Patrick Mahoney and plaintiff was in the rear 100 to 200 feet behind Mahoney. A private way belonging to the defendant Ready Mixed Concrete Company, a corporation, led off from the county road in a southwesterly direction at a slight angle. Across this private way defendant had stretched a cable approximately ¾-inch in diameter on which were appended a sign or signs. Defendant's evidence was to the effect that there were two of these signs appended to the cable. Plaintiff's evidence was that there was one sign about 4 inches wide and 12 inches long, but his petition alleges it was 5 inches by 18 inches. Exhibits in evidence indicate that the sign or signs bore the words "No Admittance." The northerly end of the cable was attached to a post which was approximately 12 feet due south of the traveled portion of the county right-of-way and the cable extended approximately 30 feet in a southerly direction across the private way to a second post to which it was secured. Following the line of travel, it was approximately 75 feet from the north portion of the cable to the south edge of the traveled portion of the

county road, 100 feet from the center of the cable to the county road, and 125 to 135 feet from the south portion of the cable to the county road. Exhibits in evidence show that a short distance down the private road the defendant's plant, which was of considerable height and bulk, was located and was readily observable from the county road. Plaintiff's friend Mahoney followed the county road past the intersection of this private way, but plaintiff, who was traveling 15 to 20 miles per hour, instead of following Mahoney, turned into the private way, giving as his reason that he wanted to take a short cut and get out of the dust. Patrick Mahoney stated that he had driven down to Hansen's Lakes on several occasions, was familiar with the private way, and observed the cable on this occasion as he drove west in the northern traffic lane on the county road. Plaintiff had been to Hansen's Lakes on two or three previous occasions, but denied familiarity with the private way or the cable barricade, and stated that he did not see the cable until so close to it that he could not avoid striking it. Plaintiff was injured as a result of striking the cable. There was a comparatively wide entrance into the private way from the county road although the county road was a considerably wider road. Evidence was conflicting as to whether or not the surfaces of the two roads were similar in appearance.

A jury trial was had in the district court and at the close of the evidence, a motion of defendant to dismiss plaintiff's petition was sustained. Thereafter, plaintiff's motion for new trial was also sustained and defendant appeals.

Defendant assigns as error the granting of the motion for new trial on the following grounds: First, that the evidence is not sufficient to establish negligence on the part of defendant; and second, that plaintiff was guilty of contributory negligence as a matter of law which bars his recovery.

Plaintiff urges that under the facts of this case, it was

for the jury to determine whether or not plaintiff was an invitee. "Where a landowner constructs a private way over his property and for a long period of time acquiesces in its use by members of the general public, or so constructs the private way in connection with a public road as to make it impossible, under all conditions, to distinguish them, it would amount to an implied invitation, at least to the extent that he should anticipate the presence of members of the general public thereon. The inducement or implied invitation is not to come to a place of business fitted up for traffic to which those only are invited who will come to do business with the owner or occupant, nor is it to come by permission, favor, or license, but it is to come as one of the public, and to enjoy a public right. A member of the public using the way is not a trespasser." 65 C. J. S., Negligence, § 63 (146), p. 933. See, also, Restatement 2d, Torts, § 367, p. 267. "One whom a possessor of land intentionally or negligently misleads into believing that part of his land is a public highway, is entitled to expect that the possessor will afford him a security similar to that which he would be entitled to expect were the land actually a highway." Restatement 2d, Torts, § 367, p. 267.

The rules regarding the existence of an implied invitation, when it is difficult to distinguish a private road or way from a public road, have their limitations and in instances where the possessor of the land erects a barricade which is readily observable or posts notices indicating the nature of the private way, such rules are not applicable. See, 38 Am. Jur., Negligence, § 129, p. 788; Wright v. Salvation Army, 125 Neb. 216, 249 N. W. 549; Bowler v. Pacific Mills, 200 Mass. 364, 86 N. E. 767; Nielsen v. Christensen-Gardner, Inc., 85 Utah 79, 38 P. 2d 743; Chesson v. Nello L. Teer Co., 236 N. C. 203, 72 S. E. 2d 407. In the present case, a cable barricade, upon which was appended a readily visible "No Admittance" sign, had been erected a reasonable distance back from

the public highway and, under such circumstances, the plaintiff must be held to be a trespasser rather than a licensee or an invitee in regard to whom defendant owed only the duty to refrain from willfully or wantonly injuring him. See, Mercer v. Omaha & C. B. St. Ry. Co., 108 Neb. 532, 188 N. W. 296; Malolepszy v. Central Market, Inc., 143 Neb. 356, 9 N. W. 2d 474.

Regarding the question of contributory negligence, the evidence indicates that plaintiff, at the time of the accident, was driving through sufficient dust on the county road to partially obscure his vision and prevent his having a clear view of the private way belonging to the defendant and that he did not see the barricade until too late to avoid it. Whether or not, in view of the fact that plaintiff's friend Mahoney observed the cable as he passed on the northern edge of the county road, plaintiff's vision was actually obscured by the dust or he failed to maintain an adequate lookout is difficult to ascertain and is not material as in either event he would be guilty of contributory negligence barring recovery as a matter of law. Generally it is negligence as a matter of law for a motorist to drive a motor vehicle on a highway in such manner that he cannot stop in time to avoid a collision with an object within the range of his vision. See, Huston v. Robinson, 144 Neb. 553, 13 N. W. 2d 885; Buresh v. George, 149 Neb. 340, 31 N. W. 2d 106; Schwartz v. Hibdon, 174 Neb. 129, 116 N. W. 2d 187. "Conditions affecting the visibility of a motorist impose upon the driver the duty to exercise a degree of care commensurate with existing circumstances." Schwartz v. Hibdon, *supra*. See, also, Huston v. Robinson, *supra*. "Ordinarily, conditions such as frost, ice, snow, mist, or fog are not intervening causes excusing the exercise of ordinary care by a driver but are conditions that require a driver to exercise a degree of care commensurate with the circumstances." Guynan v. Olson, 178 Neb. 335, 133 N. W. 2d 571. See, also, Willey v. Parriott, 179 Neb. 828, 140 N. W. 2d 652. This rule has been applied where

dust obscured the vision of the motorist. Huston v. Robinson, *supra*.

It appears that defendant's assignment of error should be sustained on both grounds. First, that negligence under the facts of this case cannot be attributed to the defendant; and second, that plaintiff was guilty of such contributory negligence as to bar his recovery. It follows that the order of the district court dismissing plaintiff's petition at the conclusion of the trial was correct and that the order entered, granting a new trial, was erroneous requiring that the judgment be reversed and the cause remanded.

REVERSED AND REMANDED.

McCOWN and SMITH, JJ., dissenting.

We respectfully dissent. Restatement 2d, Torts, § 367, p. 267, states: "A possessor of land who so maintains a part thereof that he knows or should know that others will reasonably believe it to be a public highway is subject to liability for physical harm caused to them, while using such part as a highway, by his failure to exercise reasonable care to maintain it in a reasonably safe condition for travel." A special note immediately following the section and preceding the comments reads: "This Section deals with a possessor's liability to persons harmed while actually upon his land. It is placed among the Sections dealing with conditions harmful to persons outside of the land because many of the cases dealing with the subject make the liability depend upon the fact that the other reasonably believes that the land is a highway, being misled by the actor's conduct into such belief, and do not treat the actor's conduct as giving the other a license or an invitation to enter. The injured person, being misled by the other's conduct, *is clearly not a trespasser* and, therefore, *he does not fall within any of the classifications under which it is customary to place persons entering the land.*" (Emphasis ours.)

The majority opinion also grounds the finding of con-

tributory negligence of the plaintiff as a matter of law upon the general rule that a driver of a motor vehicle is guilty of negligence if he drives in such manner that he cannot stop in time to avoid a collision with an object within the range of his vision. That general rule has many exceptions. One of them involves situations in which the object struck cannot ordinarily be observed by the exercise of ordinary care in time to avoid a collision. Weisenmiller v. Nestor, 153 Neb. 153, 43 N. W. 2d 568.

It should also be noted that a traveler on a highway need not keep his eyes constantly fixed on the road or path of the highway to look for defects which should not exist, nor is he required to exercise such extreme vigilance as in all events to see defects or obstructions in the road ahead such as a cable stretched across the road. See 40 C. J. S., Highways, § 268, p. 317.

The addition of one 4 x 12 inch sign appended somewhere on a 30-foot cable stretched across a roadway, in our opinion, should not, as a matter of law, convert the plaintiff into a trespasser, nor transform the ¾-inch cable into an object which the driver of a vehicle is required to see. Reasonable minds certainly might differ as to whether either or both the plaintiff or the defendant exercised ordinary care under the circumstances here.

For the reasons stated, we believe that the issues of the defendant's negligence and of the plaintiff's contributory negligence were all questions of fact which should have been submitted to the jury under appropriate instructions.