DAVID L. TERRY, APPELLANT, V. WILLIAM R. METZGER, TRUSTEE OF THE WILLIAM A. METZGER TRUST ESTATE AND PERSONAL REPRESENTATIVE OF THE ESTATE OF WILLIAM A. METZGER, DECEASED, APPELLEE.

491 N.W.2d 50

Filed October 30, 1992.   No. S-89-1494.

E. Terry Sibbernsen, of Welsh & Sibbernsen, for appellant.

John W. Iliff, of Gross & Welch, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

David L. Terry appeals the district court's grant of summary judgment in favor of William R. Metzger. Terry, who was injured in a cave-in while on the Metzger property, had sued

Metzger, alleging that Metzger was negligent and liable under the attractive nuisance doctrine and as a possessor of land.

On August 16, 1985, Terry, then 19 years old, and four companions entered Metzger's land while on a camping trip. The five boys camped in an abandoned "cave" that had been created in the late 1800's as a sandstone quarry. During the night, a portion of the roof of the cave collapsed, killing three of the boys and injuring Terry.

Terry brought suit in Cass County District Court for personal injuries under theories of negligence and attractive nuisance. These same theories had been alleged in a companion case brought by the personal representative of the estates of Mark and Michael Wiles, two of the boys killed in the cave-in. In both the Wiles and Terry cases, the district court granted summary judgment for Metzger. The court, in both the Wiles and Terry cases, found that the attractive nuisance doctrine did not apply and that Metzger had not been "willfully and wantonly" negligent so as to warrant recovery by the plaintiffs. Both Terry and the Wiles' personal representative appealed.

Terry argues that the district court erred in (1) finding that the attractive nuisance doctrine did not apply to this case and (2) finding that no fact issue existed as to the willfulness and wantonness of Metzger's conduct.

In 1991, this court ruled on the Wiles appeal. *Wiles v. Metzger*, 238 Neb. 943, 473 N.W.2d 113 (1991). We held (1) that the attractive nuisance doctrine was inapplicable and that summary judgment was proper on that issue, (2) that the Wiles boys had been properly characterized as licensees by the district court and that Metzger had a duty not to injure them through willful and wanton negligence, and (3) that a question of fact existed as to whether Metzger had been willfully and wantonly negligent and that summary judgment on the issue of Metzger's liability as a possessor of land was improper.

Our decision in the *Wiles* case, because of its relation to the present case, provides guidance on many of the issues in Terry's appeal. In particular, our ruling in *Wiles* on the attractive nuisance issue applies to Terry's case. There are, however, discrepancies between the records in the two cases. These differences lead to a contrary result on the issue of Metzger's

liability as a possessor of land. On that issue, as well as the attractive nuisance issue, we affirm the district court's grant of summary judgment.

With regard to the attractive nuisance issue, our decision in *Wiles* shows that the attractive nuisance doctrine does not apply to Terry. In *Wiles* we stated:

> [A]pplicability of the attractive nuisance doctrine depends on various factors, such as a child's age, intelligence, knowledge, experience, and ability or capacity to discover, observe, understand, or appreciate the nature of the danger or condition of or on a possessor's land and avoid the danger in the condition which causes the child's injury or death.

*Wiles*, 238 Neb. at 954-55, 473 N.W.2d at 121.

In *Wiles*, we held as a matter of law that the attractive nuisance doctrine did not apply to the Wiles boys (one of whom was 12 years old), because they were old enough and experienced enough to appreciate and avoid the danger involved in camping in the cave. Clearly, the same holds true for Terry, who was 19 years old at the time and spent much of his time engaged in outdoor pursuits. The district court correctly held that the attractive nuisance doctrine did not apply to Terry and that summary judgment was proper on this issue.

Summary judgment is properly granted only when the movant satisfactorily shows that no genuine issue of material fact appears from the pleadings, admissions, depositions, affidavits, and stipulations in the record or from the reasonable inferences deducible from that evidence and that the movant is entitled to judgment as a matter of law. Once the movant has met this burden, the nonmoving party has the burden of showing that an issue of material fact exists that prevents judgment as a matter of law. *Spittler v. Nicola*, 239 Neb. 972, 479 N.W.2d 803 (1992); *Barelmann v. Fox*, 239 Neb. 771, 478 N.W.2d 548 (1992).

On appeal, this court reviews the evidence in a light most favorable to the party against whom summary judgment was granted, giving that party the benefit of all reasonable inferences deducible from the evidence. *Spittler, supra*; *Barelmann, supra*. We must therefore examine the undisputed

facts, and the reasonable inferences to be drawn from those facts, to determine whether Metzger's liability as an owner of land is precluded as a matter of law.

The district court determined that Terry was a trespasser. This finding was not assigned as error, and therefore, we will only reverse it if it constitutes plain error. See *In re Interest of D.M.B.*, 240 Neb. 349, 481 N.W.2d 905 (1992). The district court's finding comports with the definition in *Malolepszy v. Central Market*, 143 Neb. 356, 360, 9 N.W.2d 474, 477 (1943), which states: " 'The word "trespasser" is legally defined as a person who enters or remains upon premises in possession of another without a privilege to do so created by the possessor's consent, either express or implied.' "

The record indicates that Terry never received permission from Metzger to enter the property where the cave was located. In addition, there was uncontroverted evidence that Metzger had placed "no trespassing" signs on the property on several occasions—thus negating any implied consent. In light of these facts, the district court's categorization of Terry as a trespasser was not clearly erroneous.

Because Terry was a trespasser, Metzger owed him a very limited duty with regard to his safety while on the property. Metzger was only obliged to refrain from willfully and wantonly injuring Terry. See, *Bosiljevac v. Ready Mixed Concrete Co.*, 182 Neb. 199, 153 N.W.2d 864 (1967); *Malolepszy, supra*; *Haley v. Deer*, 135 Neb. 459, 282 N.W. 389 (1938). A review of the record shows that no material issue of fact existed as to the willfulness and wantonness of Metzger's conduct.

The requirements for "willful and wanton" conduct are well established:

> In order for an action to be willful or wanton, the evidence must prove that a defendant had *actual* knowledge that a danger existed and that the defendant *intentionally* failed to act to prevent harm which was reasonably likely to result. The term imparts knowledge and consciousness that injury is likely to result from the act done or the omission to act, and a constructive intention as to the consequences. . . .

To constitute willful negligence the act done or omitted must be intended or must involve such reckless disregard of security and right as to imply bad faith. Wanton negligence has been said to be doing or failing to do an act with reckless indifference to the consequences and with consciousness that the act or omission would probably cause serious injury.

(Emphasis in original.) *Guenther v. Allgire*, 228 Neb. 425, 428-29, 422 N.W.2d 782, 785 (1988). Accord, *Gallagher v. Omaha Public Power Dist.*, 225 Neb. 354, 405 N.W.2d 571 (1987); *Garreans v. City of Omaha*, 216 Neb. 487, 345 N.W.2d 309 (1984).

For conduct to be willful or wanton, two criteria must be met. First, the defendant must have actual knowledge of the danger. Metzger met this requirement. In his deposition, he testified that he had seen where debris had fallen from the roof of the cave and that he recognized that it might endanger someone who was beneath the debris when it fell. However, Metzger's conduct did not meet the second requirement for willful and wanton conduct—that the defendant "*intentionally* failed to act to prevent harm which was reasonably likely to result." *Guenther*, 228 Neb. at 428, 422 N.W.2d at 785.

Metzger clearly took action to prevent possible harm. Unlike in the *Wiles* case, where the record was unclear as to the preventative steps taken by Metzger, the record now before us answers many of the questions that kept us from affirming the summary judgment on this issue in *Wiles*. The record shows that fences had been erected around the Metzger property—at least one of which fences the boys crossed on their way to the cave. Additionally, Metzger stated that 1 week before the cave-in he had placed a "no trespassing" sign at an entrance to his property and another such sign at the entrance to the cave where the cave-in occurred. It is immaterial that the sign at the cave entrance may have been torn down by vandals before the boys arrived. Our concern is whether Metzger took steps to alleviate the danger to trespassers. The uncontroverted evidence shows that he did. Whether Metzger could have taken more effective steps is beside the point. The fact that he took measures to prevent trespassers from entering the cave

precludes a finding that he acted with "such reckless disregard of security and right as to imply bad faith." *Guenther*, 228 Neb. at 428-29, 422 N.W.2d at 785.

In *Dotzler v. Tuttle*, 234 Neb. 176, 449 N.W.2d 774 (1990), we were required to determine whether a defendant's conduct was "reckless." We noted that the terms "reckless," "wanton," and "willful" are generally treated as having the same meaning. We then formulated a definition of "recklessness" based on our prior definitions of wantonness and willfulness. Our definition of recklessness now proves useful in addressing whether Metzger's conduct was willful and wanton.

In *Dotzler* we stated:

> Recklessness is the disregard for or indifference to the safety of another or for the consequences of one's act. Conduct is in reckless disregard to the safety of another if the actor intentionally does an act, or intentionally fails to do an act which it is his or her duty to another to do, knowing or having reason to know of facts which would lead a reasonable person to realize not only that his or her conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his or her conduct negligent.

*Dotzler*, 234 Neb. at 188, 449 N.W.2d at 782.

This language further indicates that Metzger's conduct did not rise to the level of willfulness and wantonness. Because Terry was a trespasser, Metzger was only required to take slight action to protect him. Metzger satisfied this duty by placing warning signs near the cave's opening and elsewhere on the property. Placing signs by the cave, if nothing else, at least shows that Metzger was more than indifferent to the safety of trespassers.

Even if Metzger did not take every appropriate step to safeguard trespassers, his conduct would not rise above mere negligence. The apparent risk of injury from the cave was not substantial enough to warrant a higher burden on Metzger. Willful and wanton conduct requires the actor to know that a danger exists, and that "injury is likely to result from the act done or the omission to act." *Guenther*, 228 Neb. at 428, 422

N.W.2d at 785. The evidence does not show that Metzger's action was so lacking that it created a risk of injury both obvious and likely to occur.

Terry and Metzger both stated that they had not considered the cave to be dangerous. Metzger also stated that he had never heard of anyone being injured in the cave. Metzger cannot be imputed with knowledge that not only was a cave-in likely, but that a "no trespassing" sign and boundary fences would be insufficient to deter the eventual victims. Metzger stated that he allowed livestock to use the cave as a shelter. This alone indicates that Metzger did not consider the cave to pose a substantial danger to occupants of the cave. The record shows that Metzger's conduct did not rise to the level of willfulness and wantonness. Metzger's posting of warning signs adequately fulfilled his duty to trespassers.

"In tort cases of the kind where reasonable minds may differ as to whether an inference of negligence is to be drawn from the given set of facts, [summary judgment] can have no application." *Pfeifer v. Pfeifer*, 195 Neb. 369, 372, 238 N.W.2d 451, 453 (1976). This is not such a case. The evidence in the record and the inferences deducible from that evidence lead to only one conclusion: Metzger refrained from willfully and wantonly injuring Terry. Reasonable minds could not differ on this point. The district court correctly granted summary judgment on both the issue of the applicability of the attractive nuisance doctrine and the issue of Metzger's liability as an owner of land. We affirm both rulings.

AFFIRMED.

CAPORALE, J., participating on briefs.